BRONX HOSPITAL, Plaintiff, *v.* VICTOR STELLA, Defendant and Third-Party Plaintiff. ASSOCIATED HOSPITAL SERVICE OF NEW YORK, Third-Party Defendant.

Municipal Court of the City of New York, Borough of The Bronx, April 20, 1953.

*John L. Shurtleff* for third-party defendant.

*Mary B. Tarcher* and *Herbert B. Evans* for defendant and third-party plaintiff.

LASHIN, J. This is a motion for summary judgment made by the third-party defendant, Associated Hospital Service of New York, which I shall refer to as A. H. S.

It appears that between June 4 and June 9, 1950, one Stella, was a patient in plaintiff's hospital. The hospital bill of $119 was not paid. Stella claims that he reported the matter to A. H. S. with whom he had hospitalization insurance covering the period in question as required under his contract, and that he had assumed the bill was paid. An action was commenced against Stella by the hospital on June 11, 1952. On November 28, 1952, Stella impleaded A. H. S. claiming it is or may be liable to him for any recovery by the plaintiff.

The answer of A. H. S. sets up two affirmative defenses. The first is that the hospital services for which Stella sought recovery, were not covered by his contract. The second is that the action is barred because it was not brought within two years of the date of Stella's discharge from the hospital, to wit, June 9, 1950.

The affidavits present sharp issues of fact, as to the nature of Stella's treatment at the hospital. He claims he was treated for a colitis condition that was covered under his contract with A. H. S. The latter claims he went to the hospital for diagnosis merely, which was not covered. As to Stella's knowledge that the bill was not paid and A. H. S.'s disclaimer of liability, Stella denies any knowledge or notification until suit was commenced, whereas A. H. S. claims that it notified him on August 31, 1950, and bills were sent to him from time to time prior to the commencement of suit.

For the purposes of this motion, I will assume that Stella had no knowledge that the bill was not paid or that A. H. S. disclaimed liability, until this action was commenced.

This motion is predicated upon the failure of Stella to bring suit within two years after his discharge from the hospital.

A specimen copy of the contract between the parties is annexed to the moving papers. Paragraph 4 of Article X entitled, "Reinstatement and Miscellaneous Provisions", reads as follows: "No action at law shall be brought against A. H. S. for any claim unless brought within 2 years from the date of the Subscriber's discharge from the hospital."

It is well settled that the parties to a contract of insurance may provide for a shorter limitation of action than that provided in the general Statute of Limitations. (*Brandyce* v. *Globe & Rutgers Fire Ins. Co.*, 252 N. Y. 69, 71; *Hanna* v. *Commercial*

*Travelers Mut. Acc. Assn.,* 236 N. Y. 571; *Whiteside* v. *North American Acc. Ins. Co.,* 200 N. Y. 320.)

Where the provision for a shorter limitation is clear and unambiguous it has been held to be binding upon the parties. As the court said in the case of *Savery* v. *Commercial Travelers Mut. Acc. Assn.* (238 App. Div. 189, 191) : '' In such case it must be held that it was the intention of the parties to the contract to give it effect according to the plain meaning of the language of its provisions.''

It is of no moment that great hardship might result from its enforcement such as in the *Hanna* v. *Commercial Travelers* case (*supra*) where the insured disappeared and it was not known that he died as a result of an accident until several years after its occurrence and after notice should have been given to the insurance company, or, as in the case of *Nigro* v. *Commercial Travelers Mut. Acc. Assn.* (268 App. Div. 442) where the action was likewise brought long after the accident occurred because the beneficiary did not know of the existence of the certificate of insurance. The rationale of the court's reasoning in these cases is best expressed in the *Whiteside* v. *North American* case (*supra*) where the enforcement of a limitation in the policy likewise prevented recovery by the insured. Said the court (pp. 323–324) : '' Here the parties by their free and voluntary action have entered into a contract by which each has assumed certain obligations. The insurance company has agreed to make certain payments on account of sickness, and the assured as a condition precedent to the enforcement of such obligation has agreed to the payment of certain premiums and to the service of the notice in question, which might have been prepared and served by someone else in his behalf if he was incapacitated from personally doing it. All of these provisions and engagements enter into the substance of the contract which respondent is seeking to enforce, and under such circumstances the courts will not relieve either party under the conditions here presented from fulfillment of the engagement which he has voluntarily undertaken. This distinction between obligations imposed on a party by statute and against his will, and those voluntarily assumed by him as a part of a contract, is clearly recognized by. the decisions.''

Hence, it is clear that unless the defendant-third-party plaintiff herein can show a waiver of the limitations provision or unless same can be held to be clearly contrary to public policy, his action must fall. The pleadings and affidavits fail to show

any basis for holding that the third-party defendant waived the two-year limitation or that it acted in such manner that it should be estopped from invoking same.

There remains, therefore, the question whether the provision is contrary to public policy. While this appears to be the first instance where a court is called upon to construe a limitation upon the right to bring an action, in the type of insurance contract here involved, there is no reason for holding such limitation to be contrary to public policy any more than there was in the many similar limitations already passed upon by the courts of this State. Invariably the courts have enforced such limitations and held same to be valid and binding. While there is the possibility that A. H. S. might conspire with a member hospital not to press a claim for hospitalization until after the expiration of the two years, it is so remote and unlikely as not to warrant a departure from well-settled principles. There is nothing in this case to indicate that such a conspiracy took place, nor is there any claim of same. Since there is no denial that the action herein against the third-party defendant was brought more than two years after the defendant-third-party plaintiff was discharged from the hospital, the motion for summary judgment must be granted and the third-party complaint is hereby dismissed.