■ FOTOCHROME, INC., Respondent, v. AMERICAN INSURANCE COMPANY, Appellant. — In an action upon an insurance policy to recover a loss due to a burglary, defendant appeals from an order of the Supreme Court, Queens County, entered June 23, 1965, which denied its motion for summary judgment dismissing the complaint. Order reversed, with $10 costs and disbursements; motion granted and complaint dismissed, without costs. On Monday, June 24, 1963, plaintiff discovered that its premises had been burglarized on June 22 or 23. Almost 15 months later and on September 9, 1964, plaintiff commenced an action on the policy. In its complaint plaintiff alleged full performance of the terms and conditions thereof on its part, and defendant's failure to pay the loss sustained. Defendant, in its answer, alleged, *inter alia*, that the action may not be maintained by reason of a provision in the policy barring such an action "unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim". On the basis of the quoted provision, the action having been commenced on September 9, 1964, which was more than 12 months after the discovery of the theft, defendant moved for summary judgment. Plaintiff opposed the motion claiming the existence of a triable issue of fact as to whether defendant had waived the one-year requirement for commencing an action, and whether by its conduct defendant is estopped from asserting the time-limitation as a defense. Plaintiff contends that the claim was not processed in accordance with the conditions of the policy in that no sworn proof of loss was furnished by plaintiff or demanded by defendant, as required by the policy, and that details of the loss and other information were furnished in an informal manner. It is also stated that plaintiff was examined under oath (although the transcript thereof was never signed); that defendant never rejected the claim, and that defendant's adjusters had stated on numerous occasions that the claim was being investigated and that no decision had as yet been made with respect thereto, and that these statements were made by the adjuster as late as the middle of June, 1964 (the 12-month limitation period expired June 24, 1964). We are of the opinion that the facts stated are insufficient to raise a triable issue

as to waiver of the limitation provision. There is no indication that plaintiff was misled or lulled into inactivity by the defendant's conduct. It therefore follows that defendant was not estopped from raising the limitation provision as a defense (*Rosenthal* v. *Reliance Ins. Co.*, 25 A D 2d 860; *Skylark Enterprises* v. *American Cent. Ins. Co.*, 13 A D 2d 707; *Karl* v. *Concordia Fire Ins. Co.*, 276 App. Div. 971; *Palazzola* v. *Pennsylvania Fire Ins. Co.*, 273 App. Div. 856; *Allen* v. *Dutchess County Mut. Ins. Co.*, 95 App. Div. 86). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.