SAMUEL MASS, Respondent, v. GREAT AMERICAN INSURANCE COMPANY et al., Appellants.

Beldock, P. J., Rabin and Benjamin, JJ., concur; Christ and Munder, JJ., dissent and vote to reverse the order and to grant defendants' motion to dismiss the complaint, with the following memorandum: This is an action to recover upon certain fire insurance policies which provided that "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity * * * unless commenced within twelve months next after inception of the loss." (Cf. Insurance Law, § 168.) On May 9, 1965, the building insured was damaged by fire. In his complaint plaintiff alleges immediate notice to defendants and performance of all the conditions provided by said policies on his part to be performed. Action was not instituted until November 16, 1966, more than 18 months after the fire. Defendants moved to dismiss the complaint on the ground that the action was not timely commenced. Plaintiff opposed the motion, claiming the existence of a triable issue of fact as to whether defendants had waived or were estopped from asserting the one-year limitation for commencing the action. Though plaintiff avers he was "repeatedly promised by agents for the defendants that the loss would be adjusted, without litigation" he does not state who the agents were, nor how or when the alleged promises were made. It is not denied that defendants' adjuster kept reaffirming defendants' offer, made repeated demands for proofs of loss as a condition of payment and warned against the risk of failure to timely supply such proofs. We believe the facts stated are insufficient to raise triable issue as to waiver of the limitation provision. There is no indication that plaintiff was actually misled or lulled into inactivity by defendants' conduct. It therefore follows that defendants were not estopped from raising the limitation provision as a defense. (*Proc* v. *Home Ins. Co.,* 17 N Y 2d 239; *Fotochrome* v. *American Ins. Co.,* 26 A D 2d 634; *Rosenthal* v. *Reliance Ins. Co.,* 25 A D 2d 860; *Skylark Enterprises* v. *American Cent. Ins. Co.,* 13 A D 2d 707.)