(May 10, 1976)

■ AARONS FIFTH AVENUE, INC., Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.—In an action on a fire insurance policy, plaintiff appeals from an order of the Supreme Court, Kings County, dated October 20, 1975, which, *inter alia,* granted defendant's motion to dismiss the complaint on the ground that the action was not timely commenced. Order reversed, with $50 costs and disbursements, and motion denied. Defendant's time to answer is extended until 20 days after entry of the order to be made hereon. On January 8, 1974 there was a boiler and gas explosion in the basement of appellant's premises. Subsequently, adjusters retained by appellant met with two adjusters representing the Insurance Company of North America (INA) in order to make a valuation of the damage and arrive at a settlement. The firm of adjusters representing INA ceased operating in the New York area in May, 1974. One of the two adjusters went to work directly for INA; the other (Yaeger) went to work for another company. It appears from the affidavits of appellant's adjusters that they were not notified of the fact that Yaeger was no longer working on their claim until November, 1974, and that they were assured by him as late as February, 1975 that "the deal was long since made". In the mean-time, in July, 1974, appellant's claim was rejected by INA, but it appears from the affidavits that negotiations went on despite that fact, appellant's adjusters deeming the rejection to be a mere bargaining ploy. The 12-month limitation on the commencement of a lawsuit expired in January, 1975. This lawsuit was commenced in April, 1975, three months after the expiration of that period. The affidavits raise the question whether the page which contained that limitation was included in the policy, since neither the appellant's attorneys nor its adjusters had a copy of that page. If that page was indeed missing, defendant may be estopped from raising the 12-month period of limitation as a defense (see *Conte v Yorkshire Ins. Co. of N.Y.,* 5 Misc 2d 670). Appellant's allegations as to Yaeger's apparent authority and the representations made by him also raise material issues of fact. If Yaeger did have apparent authority, his representations and actions may well amount to a waiver of the 12-month contractual limitation (see *Mass v Great Amer. Ins. Co.,* 28 AD2d 897). There should be an immediate trial on the issues. Gulotta, P. J., Hopkins, Latham, Margett and Shapiro, JJ., concur.