█ BURGUNDY BASIN INN, LTD., Respondent, v AMERICAN INSURANCE COMPANY et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: In this action plaintiff seeks judgment declaring that a policy of insurance issued to Watkins Glen Grand Prix Corporation (Watkins) by defendant American Insurance Company (American) through defendant Insurance Consultants, Inc. (Consultants), as agent or broker, afforded coverage to plaintiff as an intended additional assured, that the policy be amended to include plaintiff as an assured, and that defendants be estopped to deny that plaintiff has a viable claim under the policy. Defendants appeal from an order denying their motion for summary judgment dismissing the complaint on the ground that plaintiff failed to initiate action upon its claim under the policy within 12 months of the occurrence upon which the claim rests. Special Term found that questions of fact exist for trial, precluding summary judgment; and we agree. Although in its answer American denied that plaintiff was covered by the policy, it now readily admits that plaintiff was an assured thereunder. Because of the special circumstances in which the policy was issued, plaintiff did not have a copy of it or know the name of the insurance company or that the policy contained a one-year limitation period for suing a claim under it. Moreover, plaintiff asserts that American knew of these facts. Watkins handled the presentation of plaintiff's proof of claim and negotiated with defendants with respect to it; and many of the facts connected therewith are known to defendants, the movants, and not to plaintiff. Plaintiff's proof of claim was duly filed within eight months of the loss. Questions of fact exist as to whether both defendants delayed action upon the proof of claim while also assuring plaintiff's representative, Watkins, that they were working on it and that plaintiff (or Watkins) would soon hear from American's senior claim supervisor about it; and thus there is a question whether plaintiff was improperly induced to fail to sue on its claim within one year (see *Aarons Fifth Ave. v Insurance Co. of North Amer.,* 52 AD2d 855; *Cavalier v General Acc. Fire & Life Assur. Corp.,* 45 AD2d 816; *Albino Linoleum & Carpet Serv. v Utica Fire Ins. Co.,* 33 AD2d 638). Those factual issues and Consultants' participation therein as well as the question of its status justify Special Term's order (see *Spett v President Monroe Bldg. & Mfg. Corp.,* 19 NY2d 203, 206; *Stecher Lithographic Co. v Inman,* 175 NY 124; *Aarons Fifth Ave. v Insurance Co. of North Amer., supra).* (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.