■ FRANK LA PENTA, JR., et al., Appellants, v GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORP., et al., Respondents.—Order unanimously reversed, without costs, and motion denied with leave to renew upon a proper showing. Memorandum: Plaintiffs appeal from an order of Special Term which granted defendant General Accident Fire and Life Assurance Corporation's motion to dismiss the first cause of action set forth in the complaint. It is alleged in the first cause of action that plaintiffs owned a 20-unit apartment building located at 1301 E. Genesee Street, Syracuse, New York. On January 17, 1974 plaintiffs were issued an insurance binder by defendant General Accident Fire and Life Assurance Corp. (hereinafter referred to

as "General") which provided boiler coverage. On January 18, 1974, the plaintiffs' boiler at the insured premises overheated and it and the premises were damaged in the amount of $20,000. Notice in writing of the loss was given to defendant General and no adjustment of the claim was effected. Defendant General's second affirmative defense interposes the 12-month Statute of Limitations contained in the standard fire insurance policy of the State of New York (Insurance Law, § 168). The loss was sustained on January 18, 1974 and defendant General was not served with process commencing the action until September 23, 1976. The insurance binder appears to be a blank binder form maintained in stock by independent agents. The name of General Accident Group is written in at the top of the binder. The blanks are filled in with pen or pencil. The form provides that the agents for the company listed below, although no company appears listed below on the insurance binder, would be bound to plaintiffs from January 17, 1974 at 12:01 for 60 days for the following kinds of insurance: fire, ECE, VMM Rents-L & T Boiler. Below that is a description of the property covered which is described as "sprinkled apartments [located at] 1301 E. Genesee Street, Syracuse, New York, 13210." Under Remarks is written, "All Policies on 3 year Term, with Annual Installments, Please issue Policies." Just above the signature of the agent the printed paragraph appears: "The company hereby acknowledges itself bound to this risk in accordance with the terms, conditions and limitations of the policy of insurance in current use by the company for the kind of insurance specifically ordered herein, and insured accepts this binder under such terms, conditions and limitations". Prior to the issuance of the above binder, subdivision 3 of section 168 of the Insurance Law specifically provided that binders either oral or in writing would be construed to include all the terms of the standard fire policy and applicable indorsements approved by the Superintendent of Insurance as were designated in the binder. However, subdivision 3 of section 168 was repealed before the effective date of the instant binder. It has been held that insurance risks covered by a binder will be construed to include the usual policy currently in use by the insurance company with respect to the risk in question (Sherri v National Sur. Co., 243 NY 266 [burglary]; Ell Dee Clothing Co. v Marsh, 247 NY 392 [burglary]). It appears clear that the insurance policy currently in use for boiler coverage should be read into the binder on the basis of both case law and the contractual language of the binder itself. Defendant General argues that the boiler risk coverage is an added risk to the extended fire policy which is provided for issuance by the instant binder. Plaintiffs argue that the boiler coverage is entirely separate insurance which is authorized to be issued separately by subdivision 9 of section 46 of the Insurance Law. If the boiler coverage is an added risk attached to the mandated fire insurance policy, then the Statute of Limitations contained in lines 157 to 161 of the standard policy would apply. The statutory history attests to the fact that these additional risks were intended by the Legislature to be limited by the fire policy's 12-month statute (Proc v Home Ins. Co., 17 NY2d 239, 243-244). Plaintiffs argue that section 46 of the Insurance Law permits the issuance of a completely independent policy of boiler insurance into which the standard fire policy provisions would not be read. In support of this argument, the case of Woods Patchogue Corp. v Franklin Nat. Ins. Co. of N.Y. (5 NY2d 479) is cited. In Woods it was held that section 46 of the Insurance Law permitted the issuance of an all-risk jewelers' block policy and that the standard fire policy provisions were not required to be read into the fire loss portion of the jewelers' block policy. Reasoning from the Woods case it

might be inferred that an insurance company is authorized to issue an independent boiler policy coverage into which the standard fire policy would not be read. However, other risks which are attached to the standard fire policy appear in section 46 and these risks, when attached to the standard fire policy, are covered by its Statute of Limitations (Insurance Law, § 46, subd 4, fire insurance; subd 5, lightning, tornado, rain, hail, frost; subd 6, water damage; subd 7, burglary and theft; subd 8, glass, etc.). Any of these coverages are authorized to be issued as a self-contained type of coverage with its own Statute of Limitations. Defendant insurance company has not provided in its motion papers a copy of the boiler insurance coverage which was currently in use on the day the binder was issued by its agent. The actual policy with the boiler coverage should have been made a part of defendant General's motion papers before a proper disposition of its summary judgment motion based upon the 12-month Statute of Limitations contained in the standard fire policy could be made. (Appeal from order of Onondaga Supreme Court—motion to dismiss.) Present—Marsh, P. J., Moule, Simons, Denman and Witmer, JJ. [88 Misc 2d 843.]