■ ALRAY INTERNATIONAL EQUIPMENT, INC., Respondent, v AETNA CASUALTY & SURETY Co., Appellant, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered November 8, 1977 in Albany County, which denied defendant's motion to dismiss plaintiff's complaint.

Defendant issued separate automobile and blanket crime protection policies of insurance to plaintiff's predecessor and claim was made under the former policy when a truck allegedly owned by plaintiff was destroyed in a collision on February 12, 1974. Defendant promptly denied coverage on the ground that plaintiff's employee had transferred its interest in the vehicle to another before the accident. However, by a letter from its attorney, dated May 17, 1974, plaintiff insisted that the purported transfer was invalid owing to a lack of authority on the part of its employee to consummate such a transaction. While subsequent communications between the parties took place, their respective positions remained unchanged. In February of 1976 plaintiff submitted a claim based on the blanket crime protection policy, apparently on a theory that its employee had misappropriated the truck, but it too was rejected by defendant. The present suit on the policy was instituted on May 27, 1976, and defendant now appeals from the order of Special Term which denied a motion to dismiss the complaint for plaintiff's failure to comply with one of its provisions requiring that any action against the defendant be maintained "within two years from the date when the Insured discovers the loss." Recognizing that terms employed in a policy of insurance are generally construed against the insurer, in our opinion the instant contractual period of limitation began to run when plaintiff became aware of the essential facts and circumstances giving rise to its claim *(Futia Co. v National Sur. Corp.,* 30 AD2d 989, mot for lv to app den 24 NY2d 740; *Kaskel & Sons v Fidelity & Deposit Co. of Md.,* 277 App Div 366, affd 302 NY 762). Even if plaintiff did not discover its loss within the meaning of the policy shortly after the collision occurred, the letter of its attorney plainly demonstrates that it had learned about the activities of its employee in relation to the incident by May 17, 1974. Indeed, in its brief and on oral argument, plaintiff has been unable to specify any development necessary to the presentation of its claim that first came to its attention at any later date. Nor do we find any support for its alternative contention that defendant should be estopped from asserting the foregoing time limitation. The record contains no indication that defendant was willing to settle the matter or engaged in any inconsistent activity lulling plaintiff into inactivity (see *Kaufman v Republic Ins. Co.,* 35 NY2d 867; *Brands v Sperduti,* 43 AD2d 903; *Fotochrome, Inc. v American Ins. Co.,* 26 AD2d 634, affd 23 NY2d 889). Accordingly, the order should be reversed and the motion granted. Order reversed, on the law and the facts, with costs; motion granted and complaint dismissed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.