■ ALTHEA B. BUCHANAN, as Executrix of PERCY BUCHANAN, Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Defendant, and ASSOCIATED HOSPITAL SERVICES OF NEW YORK, INC., Respondent.— In an action, *inter alia,* to determine the validity and extent of a hospital lien filed by defendant New York City Health and Hospitals Corporation, plaintiff appeals from an order of the Supreme Court, Kings County, dated November 7, 1975, which (1) denied her motion to strike defendant Associated Hospital Services' affirmative defense that the action against it was barred by the contractual period of limitations contained in the applicable group insurance contract, and (2) granted that defendant's cross motion for summary judgment. Order modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision denying the cross motion for summary judgment. As so modified, order affirmed, with $50 costs and disbursements to plaintiff. Plaintiff's deceased (Percy Buchanan) was admitted to Kings County Hospital on May 6, 1968, and remained there as a patient until May 16, 1969, except for the brief period between April 11, 1969 and May 5, 1969 during which he was permitted to return home. The cost of his care at the hospital totaled $33,662.28, and a lien for that amount was duly filed by the Health and Hospitals Corporation on October 5, 1971 against the proceeds of a malpractice action which he had theretofore commenced against a Dr. Leon Akselrad. Subsequent to the filing of the lien, Mr. Buchanan expired and his will designating the

plaintiff as his executrix was admitted to probate in Kings County on April 12, 1972. It is undisputed that at the time of the hospitalization in question, Mr. Buchanan was covered by *two* group policies issued by defendant Associated Hospital Services of New York (AHS), each of which contained a contractual period of limitation for the commencement of actions arising thereunder. One, a policy covering employees of the City of New York and members of their families, provided: "No action at law or in equity shall be brought against AHS for any claim for Hospital Service unless brought within two years from the date of the Subscriber's admission to the hospital." The other, a policy issued to the joint board Fur, Leather and Machine Workers' Unions for their employees, provided: "No action at law or in equity shall be brought to recover on this Contract unless brought within three years from the Subscriber's discharge from the hospital." It is conceded by AHS that the longer of these two limitation periods would govern. Our determination is based upon that concession and we shall hereinafter refer to these periods of limitation in the singular as indicative of the larger or controlling period. As a result of claims filed on behalf of its insured, AHS has paid $20,539.66 to defendant Health and Hospitals Corporation with reference to the decedent's hospitalization, and refuses to pay more. The unpaid balance is thus $13,122.62, the lien for which amount plaintiff herein seeks either to have canceled or else paid by AHS. The action was commenced against the Health and Hospitals Corporation on March 10, 1974 and against AHS on or about April 22, 1974. As against AHS the action was therefore commenced almost five years after the date of Mr. Buchanan's discharge from the hospital and more than two years from the date of his death (see CPLR 210, subd [a]), thus prompting the insurer to assert the contractual period of limitations as a defense. By notice of motion dated March 25, 1975, plaintiff moved to strike the affirmative defense pleaded by AHS that the action against it was time-barred, whereupon AHS cross-moved for summary judgment dismissing the complaint. Special Term denied the motion, granted the cross motion and dismissed the complaint as against AHS. This appeal followed. Under the circumstances of the instant case, it is our belief that a question of fact exists as to whether defendant Associated Hospital Services of New York may be estopped from relying upon the contractual period of limitations contained in its group insurance contract, and, therefore, that the granting of summary judgment dismissing the complaint against it was unwarranted. Insofar as it appears on the present record, AHS did nothing whatsoever to inform its insured that it was rejecting any portion of his hospitalization claim during the contractual period of limitations, and, in fact, made no payments whatsoever with respect to his hospitalization until *after* that period of limitations had expired. Moreover, it further appears that it had been determined by AHS as early as November 18, 1969 that at least a portion of decedent's hospital bill would not be accorded coverage. Since AHS is both the author of the period of limitations incorporated into the group contract as well as the arbiter of coverage thereunder, it is our belief that a factual issue has been raised as to the propriety of its conduct in the instant case, i.e., whether its silence may have lulled the insured into a false sense of security leading him to believe that the hospital bill had been satisfied in full (see *Proc v Home Ins. Co.,* 17 NY2d 239, 245; cf. *French Hosp. v Stuart,* 31 AD2d 522; *Bronx Hosp. v Stella,* 203 Misc 1017). The insured, after all, is in no position to know whether a claim has been rejected in the absence of notification by AHS or the hospital, and the latter has the benefit of a six-year Statute of Limitations within which to sue its patient on the underlying contract claim

(CPLR 213). The insured would likewise have the benefit of the six-year statute as against AHS but for the latter's insertion of a shorter period of limitations into its group insurance contract. The question of whether an estoppel might be properly pleaded as against the Health and Hospitals Corporation is not before us at this juncture. We have considered plaintiff's remaining contentions and find them to be lacking in merit. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.