█ RAYMOND M. GALLAGHER, Respondent, v FRANCIS L. R. GIBBS et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered February 2, 1981 in Tioga County, which denied a motion

by defendants to dismiss the complaint. Plaintiff alleges in his complaint that he procured from defendants in April of 1976 a fire insurance policy covering a certain building; that a premium of $350 was paid by check; that the policy had not been issued when the property was destroyed by fire in June of 1976; and that plaintiff notified defendants of the loss but defendants repudiated liability and refused to pay the loss. The instant action was commenced in November, 1980 based on breach of contract seeking the amount of loss sustained by the fire. Defendants moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) on the ground that the action was barred by a two-year Statute of Limitations. Special Term denied the motion and this appeal ensued. Defendants urge reversal relying on subdivision 5 of section 168 of the Insurance Law which requires that fire insurance policies include the provision that no suit or action on the policy shall be sustained unless commenced within two years of the inception of the loss. Plaintiff, however, contends that the action is not on the policy itself and points out that the action is not against an insurance company, but is one for breach of contract for defendants' failure to deliver a policy and is, therefore, governed by the six-year Statute of Limitations for contract actions (CPLR 213, subd 2). Concededly, no policy was issued here and we conclude that the action is not to recover on the policy but rather is based on a breach of contract for failure to issue the policy. While we find no precise appellate case in point, it has been determined by this court that where a policy is issued without providing the shorter Statute of Limitations, the company waives it and is estopped from relying thereon *(Becker-Fineman Camps v Public Serv. Mut. Ins. Co.,* 52 AD2d 656). We believe that it properly and logically follows that the shorter statute does not apply where no policy has been issued. The order, therefore, should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Weiss, JJ., concur.