ARKIN–MEDO CORP. and Straitline Marketing, Inc., Plaintiffs,

v.

ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.

No. 81 CV 1433.

United States District Court, E.D. New York.

July 12, 1982.

Weg Myers Jacobson & Scheer, P.C. by Andrew C. Jacobson, New York City, Gary E. Linderoth, Hazlet, N.J., for plaintiffs.

Tell, Cheser, Breitbart & Lefkowitz by Benjamin L. Tell, Solomon M. Cheser, New York City, for defendant.

## MEMORANDUM ORDER

NEAHER, District Judge.

Plaintiffs, named insureds under a multiple risk insurance policy issued by defendant, filed this action on May 12, 1981 to recover over $1,000,000 in insurance proceeds to compensate them for photographic and other equipment they allege was stolen from their warehouse on October 13, 1979. Jurisdiction is based on the parties' diverse

citizenship and amount in controversy, 28 U.S.C. § 1332. Service of process was completed on May 18, 1981. Defendant has moved for summary judgment dismissing the complaint on the ground that the action was not timely commenced within the period prescribed by the insurance contract, *i.e.*, "within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim." General Condition 24. For the reasons that follow, defendant's motion is granted.

Acknowledging, as they must, that far more than twelve months separate the October 1979 discovery of the loss and the May 1981 commencement of this action, plaintiffs oppose the motion chiefly on the ground that a triable issue of fact exists as to whether defendant has waived or is estopped from raising the contractual limitation defense. Through the affidavits of Dan Scharf, Arkin-Medo's president, and of Frank Marino, the vice-president of plaintiffs' insurance broker, plaintiffs have adduced correspondence between Marino and Scharf and defendant's present counsel, to whom defendant had referred the matter "for attention." This correspondence, which continued after the expiration of the 12-month period, in substance concerned defendant's requests to examine officers and employees of plaintiffs under oath, pursuant to the insurance policy, and defendant's granting of plaintiffs' requests to extend the time for filing proof of loss.

The matters advanced by plaintiffs are clearly insufficient under New York law to raise a triable issue of fact whether defendant waived or may be estopped from asserting its contractual limitations defense. Contentions that an insurance company waived its contractual limitations defense or became estopped to raise it by insisting on its right to investigate the claim, and by not insisting on proof of loss, received short shrift in *Fotochrome, Inc. v. American Insurance Co.*, 26 A.D.2d 634, 272 N.Y.S.2d 446 (2d Dep't 1966). In granting summary judgment for defendant, the court stated simply:

"We are of the opinion that the facts stated are insufficient to raise a triable issue as to waiver of the limitations provision. There is no indication that plaintiff was misled or lulled into inactivity by the defendant's conduct. It therefore follows that defendant was not estopped from raising the limitation provision as a defense." 272 N.Y.S.2d at 448.

That view is consistent with numerous other New York cases. See *Alray International Equipment Co. v. Aetna Casualty & Surety Co.*, 65 A.D.2d 651, 409 N.Y.S.2d 664 (3d Dep't 1978), *aff'd*, 48 N.Y.2d 750, 422 N.Y.S.2d 666, 397 N.E.2d 1333 (1979); *Kaufman v. Republic Insurance Co.*, 42 A.D.2d 995, 348 N.Y.S.2d 374 (2d Dep't 1973); *Rosenthal v. Reliance Insurance Co.*, 25 A.D.2d 860, 269 N.Y.S.2d 778 (2d Dep't 1966); *Skylark Enterprises, Inc. v. American Central Insurance Co.*, 13 A.D.2d 707, 214 N.Y.S.2d 68 (2d Dep't 1961).

These cases establish that in New York, an insurance company's actions with respect to proof of loss and investigation of a claim pursuant to contract are so unrelated to the insurer's position towards the contract limitations period that no reasonable inference can be drawn regarding the latter solely from the former. Thus it makes no difference in this case that defendant continued its investigation and granted plaintiff extensions on filing proof of loss even after the limitations period expired. *Cf. Graziani v. Firemen's Insurance Co. of Newark*, 63 A.D.2d 1087, 406 N.Y.S. 169 (3d Dep't), *leave to appeal denied*, 45 N.Y.2d 710, 409 N.Y.S.2d 1029, 381 N.E.2d 617 (1978) (right to assert contractual limitations defense not affected by post-expiration examination before trial).

The present case is readily distinguishable from those cited by plaintiffs to establish the existence of a triable issue of fact. In *Mass v. Great American Insurance Co.*, 28 A.D.2d 897, 282 N.Y.S.2d 144 (2d Dep't 1967), a majority of the court held that a triable issue was presented by the plaintiff's averments that he had been promised repeatedly by agents for the in-

surer that the loss would be adjusted "without litigation." See also *Alray International Equipment Co., supra,* 409 N.Y. S.2d at 665 (no indication that insurer was willing to settle the matter and therefore no estoppel). There is no indication such a settlement promise or offer was made in the present case regarding plaintiffs' claim under the burglary provision of the policy, although defendant has indicated its willingness to settle for the full amount ($100,000) available under the employee infidelity provision.

This case also differs significantly from *Buchanan v. New York City Health and Hospitals Corp.,* 70 A.D.2d 923, 417 N.Y. S.2d 758 (2d Dep't 1979), although defendant, as here, did not decline the plaintiffs' claim in writing until after the policy's limitations period expired. In the *Buchanan* case there had been no communication at all between the insured and the insurer regarding the latter's liability for the claim. Here, the parties were in frequent communication and clearly disputed the question of coverage. There is no possibility of waiver or estoppel based upon silence, as in the *Buchanan* case.

Furthermore, plaintiffs' assertions of waiver and estoppel are particularly inappropriate in light of the correspondence from defendant on which they rely. Defendant closed each letter to plaintiffs or their broker with the notification that in taking the steps it did regarding investigation and filing proof of loss, defendant did not waive any rights or defenses available to it under the terms of the insurance policy, and that its actions were not so to be construed. As much as anything, these warnings constituted notice that defendant was not waiving any right under the insurance contract, and vitiate any reasonable basis plaintiffs might otherwise have for claiming they were "lulled into inactivity" by the action of defendant.

■ . Plaintiffs' remaining contentions are first, that an ambiguity exists as to whether the one-year limitation period applies to the burglary loss alleged in the complaint; and second, that there is an ambiguity as to whether plaintiffs' loss is covered by the burglary or employee infidelity provisions, which are subject to different limitations periods. The answer to plaintiffs' second contention is that their complaint alleges that the loss was due to burglary. The existence of a dispute over how to characterize the cause of the loss is not relevant to the question whether the present suit was timely filed. If it were found that the loss was covered by the employee infidelity provision, and therefore not time-barred at the time suit was commenced, this would not advantage plaintiffs, since their present claim is for insurance payable on account of burglary, and they have not sought to amend their pleading.

■ Turning to plaintiffs' other contention, no genuine issue of fact exists that the 12-month limitation period of General Condition 24, which applies "to Inland Marine Insurance Agreements Only," see Jacobson Aff., Exh. A, "General Conditions," page 1 of 5, applies to the "Camera and Musical Instrument Dealers Form" on which this suit is based. The cover page of plaintiffs' policy with defendant provides an index of the kinds of insurance included in it. "Section I" covers "property" in general, while "Section II" covers "casualty" and "crime." These general headings are broken down further. Under "property" are listings for "fire and allied perils" with separate subentries for "building" and "contents." These risks are covered by "Insuring Agreement No. 1," as marked in the right hand column of the index. The other entry under "property" is "Inland Marine." Under this subheading appears the entry "Camera & Munsical Instrument Form Dealers" [sic]. Plaintiffs point out that the title "Inland Marine" is absent from the Camera and Musical Instruments Dealers Form contained in the policy. But the Court considers this lack of express designation to be insufficient to create an issue of fact whether the Camera and Musical Instruments form is truly an Inland Marine insuring agreement as the cover index of the policy indicates.

Plaintiffs further argue that ambiguity is created because Insuring Agreement No. 1 was amended by endorsement No. 8, so that, "Under Section I," the one-year limitation for fire and allied perils set forth in Insuring Agreement No. 1 at page 2 of 10, line 161, Exh. A to Jacobson Aff., *supra*, was changed to two years. But the amendment by its terms did not apply to all limitation provisions under Section I, but only to that contained in line 161. Furthermore, the necessity of amending the fire insurance portion of the policy to conform to the two-year limitations period for fire insurance policies established by N.Y.Ins.L. § 168 does not affect the limitations periods established for other risks covered by the same multi-risk policy. See *Bargaintown, D.C., Inc. v. Bellefonte Insurance Co.*, 78 A.D.2d 206, 433 N.Y.S.2d 809 (1st Dep't 1980), *aff'd*, 54 N.Y.2d 700, 442 N.Y. S.2d 975 (1981).

Accordingly, summary judgment is granted to defendant dismissing the complaint.

SO ORDERED.