OPINION OF THE COURT

Per Curiam.

In this action on two policies of fire insurance, defendants moved to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 5) on the ground that the action was not brought within two years from the date of the loss for which recovery is sought. Both plaintiff and defendants submitted affidavits and other evidentiary proof in connection with the motion. It is not disputed that plaintiff did not commence this suit within the two-year limitations period prescribed by subdivision 5 of section 168 of the Insurance Law.
Special Term denied defendants’ motion, stating that the insurance policy issued by each defendant failed to conform with subdivision 5 of section 168 in that each policy required that an action to recover the proceeds of the policy be brought within one year of the date of loss rather than within two years, the limitations period required to be set forth in a fire insurance policy by subdivision 5 of section 168. Special Term held that the insurers waived the benefit of the two-year limitations period due to the failure of the policies to conform with section 168 and that therefore the general Statute of Limitations of six years for an action on a contract would apply.
The Appellate Division reversed and dismissed the complaint as to both defendants. The Appellate Division apparently accepted Special Term’s finding that both policies contained a one-year Statute of Limitations period, and held that in such a case the policies were enforceable as if they contained the two-year limitations period. Accordingly, the Appellate Division found the complaint untimely as to both defendants.
The Appellate Division was correct in holding that where a policy of fire insurance provides for a shorter *231 period of limitations than permitted by the standard fire insurance policy contained in subdivision 5 of section 168 the policy is enforceable as if it conformed with the statutory standard (Insurance Law, § 143, subd 1; Bersani v General Acc. Fire & Life Assur. Corp., 36 NY2d 457, 460). The inclusion of. an express period of limitations, even though erroneous, precludes a determination that the insurer intended to waive any but the general statutory six-year period with respect to actions upon a contractual obligation (CPLR 213, subd 2). As it is undisputed that the policy issued to plaintiff by defendant Illinois Employers’ Insurance Company of Wausau contained a one-year limitations period, the complaint as it relates to that policy must be dismissed.
If, however, an insurance company issues a policy of fire insurance without any Statute of Limitations provision it is not entitled to the benefit of the two-year period of section 168, and the general Statute of Limitations of six years for an action on a contract applies (Medical Facilities v Pryke, 62 NY2d 716, 717). The holding in Pryke is premised on the fact that in the absence of any provision in the policy as to the limitations period for commencing suit, the insured has no notice that there is a shortened Statute of Limitations and is thus entitled to rely on the general six-year provision for contract actions. In effect the insurer has waived any period of limitations other than the general statutory six-year period.
The papers submitted by plaintiff in opposition to defendant Great American Surplus Lines Insurance Company’s motion to dismiss raise a material question of fact as to whether the policy issued by that defendant contained a reference to a limitations period for commencing suit. Plaintiff’s action against Great American would be timely if the six-year Statute of Limitations were applicable — i.e., if the policy had no such reference and thus the motion to dismiss the complaint as it relates to the Great American policy must be denied.
Accordingly, the order of the Appellate Division should be modified so as to deny defendants’ motion to dismiss the complaint as untimely insofar as it is based on the insurance policy issued to plaintiff by defendant Great American Surplus Lines Insurance Co., and otherwise affirmed.
*232 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in Per curiam opinion.
Order modified, without costs, by denying defendants’ motion to dismiss the complaint insofar as it is based on the insurance policy issued by defendant Great American Surplus Lines Insurance Company and, as so modified, affirmed.