OPINION OF THE COURT
Sidney Leviss, J.
In this action to recover proceeds under a fire insurance policy and for damages arising out of an alleged breach of contract defendant, New York Property Insurance Underwriting Association (hereinafter Association), seeks leave to renew and, upon renewal, an order dismissing the complaint on the ground that it is barred by the Statute of Limitations.
Defendant’s prior motion to dismiss was denied, without prejudice to renew, by an order of this court dated July 24, 1984, as defendant had failed to include the binder agreement in its moving papers. As defendant has now submitted a copy of plaintiff’s application form, which it asserts is the binder agreement, the motion to renew is granted.
Plaintiff, Wolf Teitelbaum, commenced this action by the service of the summons and complaint on the defendant Association on February 27, 1984. Plaintiff seeks to recover the proceeds of a fire insurance policy and damages for breach of contract for losses sustained as a result of two fires on February 4, 1980 and on March 27, 1980 at his premises located at 68-11 Maurice Avenue, Maspeth, New York. Mr. Teitelbaum’s application for fire insurance on this property was received by defendant Association on August 16, 1979, along with a premium *241 deposit in the amount of $450. Defendant Association thereafter approved coverage in an amount not to exceed $150,000, effective September 2, 1979, for a term of one year, and assigned plaintiff a policy number. However, it is undisputed that defendant Association never issued and delivered a copy of the fire insurance policy to Mr. Teitelbaum. Plaintiff sustained a loss due to a fire on his premises on February 4,1980 and thereafter submitted a claim to defendant. Defendant inspected the premises on March 11, 1980 and found that plaintiff had failed to properly secure the premises. Defendant therefore canceled plaintiff’s fire insurance coverage on March 24, 1980, effective as of September 2,1979. A second notice of cancellation was sent to plaintiff on March 29, 1980, whereby defendant sought to cancel the fire insurance policy as of April 4, 1980. Plaintiff sustained a second loss on the premises due to a fire on March 27, 1980.
On April 9, 1980, plaintiff filed an appeal of the March 24, 1980 cancellation with the appeals committee of the Association. This appeal was denied by the Association on May 15, 1980. Plaintiff thereafter appealed the Association’s decision to the New York State Superintendent of Insurance. The Superintendent, in a decision and order dated June 4, 1981, reinstated plaintiff’s fire insurance coverage, effective September 2, 1979 for a term of one year. The Superintendent found that Mr. Teitelbaum had acted in good faith in his efforts to secure the premises, had paid the total premiums and had filed the required warranties and monthly inspection reports. The Association’s action, however, was found to be unjustifiable in view of the fact that it knew, as of September 6,1979, that the premises were not properly secured and that it withheld this information with the knowledge that it could deny coverage should it suit its purposes, and did so five months later when a loss occurred.
Defendant now seeks an order dismissing the complaint on the ground that it is barred by the two-year Statute of Limitations, as set forth in a standard fire insurance policy, and mandated by the Insurance Law. Defendant asserts that although no policy was issued, plaintiff’s application form became a binder upon the receipt of the premium and approval of coverage, and that the two-year Statute of Limitations was incorporated as a matter of law into this binder. Defendant also asserts that there was no intention on its part to waive any of the provisions ordinarily contained in a standard fire insurance policy.
It is well established that where an insurance company issues a policy of fire insurance without any Statute of Limitations *242 provision, it is not entitled to the benefit of the two-year period provided by section 3404 (subd [b], par [1]; subd [e]) of the Insurance Law (as added by L 1984, ch 367) and the general six-year Statute of Limitations for an action upon a contract applies. (1303 Webster Ave. Realty Corp. v Great Amer. Surplus Lines Ins. Co., 63 NY2d 227; Medical Facilities v Pryke, 62 NY2d 716.) The Court of Appeals holding in. Pryke (supra), was “premised on the fact that in the absence of any provision in the policy as to the limitations period for commencing suit, the insured has no notice that there is a shortened Statute of Limitations and is thus entitled to rely on the general six-year provision for contract actions. In effect the insurer has waived any period of limitations other than the general statutory six-year period.” (1303 Webster Ave. Realty Corp. v Great Amer. Surplus Lines Ins. Co., supra, at p 231.) It is undisputed that defendant herein failed to issue and deliver to plaintiff the fire insurance policy and therefore may not rely upon the two-year Statute of Limitations.
Furthermore, even if plaintiff’s application for insurance is considered to be a binder agreement, despite the fact that it states that: “This Application Is Not A Binder Of Insurance” this form contains no language which would alert plaintiff to a shorter period of limitations. It can no longer be presumed, as a matter of law, that a binder agreement contains all of the “165 lines” mandated by subdivision (e) of section 3404 of the Insurance Law (as added by L 1984, ch 367; former § 168, subd 3, repealed by L 1970, ch 509). It is clear that the Legislature, in repealing all of the provisions contained in subdivision 3 of former section 168 of the Insurance Law, did not intend to save and did not reenact that portion of the statute which deemed all binders and contracts for temporary insurance to contain the standard provisions of a fire insurance policy. Section 3404 of the Insurance Law makes it incumbent on the insurance company to deliver to the policyholder a printed form of fire insurance which embodies the provisions of the statute. The insured has no duty or responsibility in this respect and, in the absence of any provision in the policy or the binder as to the period of limitations, the insured may rely upon the general six-year Statute of Limitations. Moreover, defendant’s reliance on Sherri v National Sur. Co. (243 NY 266); Lipman v Niagara Fire Ins. Co. (121 NY 454); Bersani v General Acc. Fire & Life Assur. Corp. (36 NY2d 457) and La Penta v General Acc. Fire & Life Assur. Corp. (62 AD2d 1145) is misplaced. Plaintiff herein does not allege that he entered into an oral contract of insurance. Both Sherri (supra) and Lipman (supra) involved binders which *243 were issued to the insured and contained some provisions regarding coverage. In addition, these cases were decided prior to the enactment of subdivision (e) of section 3404 of the Insurance Law which mandates that a policy of fire insurance include a two-year Statute of Limitations. In Bersani (supra) the court found that the insurance policy which contained a shorter Statute of Limitations was enforceable as if it conformed to the requirements of the Insurance Law, and that the agreement not to pursue any claim arising under this policy was invalid and against public policy. Finally, in La Penta (supra) the court did not reach the issue of whether a two-year Statute of Limitations was applicable, as the binder agreement in question was not submitted to the court. In the case at bar, it is clear that plaintiff was not issued a fire insurance policy or a binder which contained any provision regarding the Statute of Limitations or any other terms ordinarily found in a standard policy of fire insurance. Defendant’s failure to deliver a policy or binder containing a two-year Statute of Limitations therefore constitutes a waiver of any limitations period other than the general statutory six-year period. (CPLR 213, subd 2; 1303 Webster Ave. Realty Corp. v Great Amer. Surplus Lines Ins. Co., supra; Medical Facilities v Pryke, supra; see, also, Aarons Fifth Ave. v Insurance Co. of North Amer., 52 AD2d 855; Conte v Yorkshire Ins. Co., 5 Misc 2d 670; cf. Gallagher v Gibbs, 84 AD2d 661.)
Based on the foregoing, defendant’s motion to renew is granted and, upon renewal, the motion to dismiss is denied.