Khalil H. ISSA, a/k/a Khilil Issa, Plaintiff,

v.

RELIANCE INSURANCE COMPANY OF NEW YORK, Defendant.

No. 86 CIV. 3060 (RO).

United States District Court, S.D. New York.

March 2, 1987.

Weg & Myers, P.C., New York City (Harry Cummins, of counsel), for plaintiff.

Waesche, Sheinbaum and O'Regan, P.C., New York City (Donald M. Waesche, Stephen C. Kimmel, of counsel), for defendant.

## MEMORANDUM AND ORDER

OWEN, District Judge.

■ Plaintiff shipped three containers of shoes and other wearing apparel from the Canary Islands to Liberia aboard the M/V Fiona. Defendant insurance company issued a "special cargo policy" on the goods, clause 34 of which provides,

> No suit or proceeding against this Company for the recovery of any claim shall be sustainable unless commenced within one year from the date of the happening of the accident out of which the claim arises....

The containers were delivered to plaintiff's premises on May 30, 1984, and on July 27, 1984, plaintiff mailed a claim to defendant for an alleged loss of $88,855 worth of goods. Subsequently, on February 7, 1985, defendant informed plaintiff that additional documentation was needed to process the claim. On April 3, 1985, seven weeks before the year contractual time period was to run out, defendant repeated its request to plaintiff for the earlier-requested information, requested further information, and concluded, referring to the approaching contractual year time limit, "We suggest, therefore, that you act as a prudent uninsured and take whatever steps you deem necessary to protect your own interests against the ocean carrier." Exhibit E to Defendant's 3(g) Statement. Plaintiff did not file this action until April 16, 1986, almost two years after the claim arose. Defendant now moves for summary judgment, on the grounds that plaintiff's lawsuit is outside of the contractual time limit. Plaintiff, for its part, claims that defendant effectively waived the time limit.

■ While defendant continued investigating plaintiff's claim after the one year contractual period had expired, plaintiff fails to present evidence sufficient to indicate that "plaintiff was misled or lulled into inactivity by the defendant's conduct." *Arkin–Medo Corp. v. St. Paul Fire & Marine Ins. Co.*, 585 F.Supp. 11, 12 (E.D.N.Y. 1982), *aff'd*, 742 F.2d 1430 (2d Cir.1983), quoting *Fotochrome, Inc. v. American Ins. Co.*, 26 A.D.2d 634, 272 N.Y.S.2d 446, 448 (2d Dep't 1966). An insurance company's actions with regard to proof of loss and investigation may not be used without more to draw an inference regarding the insurer's position towards a contract limitations provision. *Arkin–Medo*, 585 F.Supp. at 12. That "something more" is missing here.[1]

Construing the record in the light most favorable to plaintiff, there are no genuine issues of material fact in this case so as to support plaintiff's claims, and defendant is entitled to judgment as a matter of law. Thus, the motion for summary judgment is granted.

So ordered.

---

1. Plaintiff points to a New York State Appellate Division opinion for support. *See Gilbert Frank Corp. v. Federal Ins. Co.*, 91 A.D.2d 31, 457 N.Y.S.2d 494 (1st Dep't 1983). One intermediate court opinion does not, however, in this context persuade me that *Arkin–Medo* no longer states the law of New York.