**Khalil H. ISSA, Rado Fawzi and Gamal Hanzi d/b/a Bushrod Island Trading Co., a/k/a Bitco, Plaintiffs,**

v.

**RELIANCE INSURANCE COMPANY OF NEW YORK, Defendant.**

No. 86 Civ. 3059 (JES).

United States District Court, S.D. New York.

April 18, 1988.

Weg and Myers, P.C., New York City, for plaintiffs; Harry Cummins, of counsel.

Waesche, Sheinbaum & O'Regan, P.C., New York City, for defendant; Donald M. Waesche, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action, plaintiffs Khalil H. Issa, Rado Fawzi, and Gamal Hanzi, doing business as Bushrod Island Trading Company (a/k/a/ Bitco) ("Bushrod"), seek to recover for lost cargo from their insurer, defendant Reliance Insurance Company of New York. Jurisdiction is based on diversity of citizenship, as well as on the admiralty and maritime jurisdiction of the Court.

The material facts are not in dispute. Defendant issued a "special cargo policy" covering a container of wearing apparel shipped by plaintiff aboard the M/V TANA from Brooklyn, New York to Liberia. Complaint at ¶ 5; [Defendant's] Statement Pursuant to S.D.N.Y.Civ.R. 3(g) ("Def. 3(g)") at ¶ 1. Clause 34 of that policy provides that "[n]o suit, action or proceeding against this Company for the recovery of any claim shall be sustainable unless commenced within one year from the date of the happening of the accident out of which the claim arises...." Def. 3(g) at ¶ 2 & Ex. A.

The insured container was discharged from the M/V TANA on May 12, 1984, and delivered to plaintiffs' premises on May 19, 1984. Def. 3(g) at ¶ 4 & Ex. B. By letter dated June 19, 1984, plaintiff Bushrod submitted a claim to defendant for the alleged loss of goods from the container. *Id.* at ¶ 5 & Ex. C. Subsequently, by letter dated February 11, 1985, defendant notified Bushrod that additional documentation was needed to process the claim. *Id.* at ¶ 6 & Ex. D. On April 3, 1985, more than a month before the contractual time period was to run out, defendant again wrote to Bushrod, noting that the requested documentation had not been supplied. This letter indicated that because the requested documentation had not been received, defendant was "not in a position to pass upon the merits of [plaintiffs'] claim" and suggested therefore, that Bushrod "act as a

prudent uninsured and take whatever steps you deem necessary to protect your own interests against the ocean carrier." *Id.* at ¶ 7 & Ex. E. Thereafter, defendant continued to investigate, although there is no evidence that any agent of defendant suggested at any point that the claim would be paid or a settlement reached. Indeed, the uncontroverted evidence suggests that no such representations were made. *See, e.g.,* Affidavit of Alan J. Sanderson at ¶ 12; Reply Affirmation of Donald M. Waesche in Support of Motion for Summary Judgment at ¶ 3 & Ex. C (notes of Alan J. Sanderson).

Plaintiffs did not file this action until April 16, 1986, nearly two years after the claim arose. Defendant has moved for summary judgment, alleging that plaintiffs failed to commence this action within the contractual time period.

Plaintiff contends that the defendant, by continuing to investigate and by requesting further documentation waived the contractual limitation period defense. That claim lacks merit. Mere investigation of a claim pursuant to an insurance contract is a legally insufficient predicate upon which to permit an inference of waiver of a contractual limitations period, especially where, as here, the insurer advises the insured to "act as a prudent uninsured." *See Arkin–Medo Corp. v. St. Paul Fire & Marine Ins. Co.,* 585 F.Supp. 11, 12–13 (E.D.N.Y.1982), *aff'd,* 742 F.2d 1430 (2d Cir.1983); *see also Gilbert Frank Corp. v. Federal Ins. Co.,* 70 N.Y.2d 966, 968, 520 N.E.2d 512, 514, 525 N.Y.S.2d 793, 795 (1988). In short, plaintiffs have presented no evidence to support a rational jury finding that "the insurer, with knowledge of a defense sufficient to invalidate any claim on the policy, acted in an inconsistent manner so as to ratify and recognize the continued validity of the claim." *Gilbert Frank Corp. v. Federal Ins. Co.,* 91 A.D.2d 31, 36, 457 N.Y.S.2d 494, 498 (1st Dep't 1983).

This Court is therefore in complete accord with a decision of Judge Owen rejecting plaintiffs' waiver argument in an action between these same parties on similar

facts. *See Issa v. Reliance,* 685 F.Supp. 47 (S.D.N.Y.1987) (memorandum order and opinion granting defendant's motion for summary judgment). It follows that defendant is entitled to summary judgment. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). The Clerk of the Court shall enter judgment accordingly.

It is SO ORDERED.