■ STEVEN DOCKWEILER, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [634 NYS2d 774] —In an action to recover the proceeds due under an insurance policy, the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered July 29, 1994, which, after a hearing, inter alia, denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion to dismiss its Statute of Limitations defense.

Ordered that the order is affirmed, with costs.

The defendant issued the plaintiff a multiperil, renters insurance policy. Although the policy booklet provided that any action on the policy must be brought within one year after the loss, an amendatory endorsement extended the limitations period to two years.

In October 1989, the plaintiff filed a claim for loss due to burglary. In September 1991, in response to the plaintiff's requests for a copy of the policy, the defendant, which had not yet resolved the plaintiff's claim, provided the plaintiff with a copy of the policy booklet without the amendatory endorsement. The defendant denied the plaintiff's claim in December 1991.

In July 1992, after corresponding with the New York State Department of Insurance, the plaintiff commenced this action to recover on the policy. In August 1992, the defendant requested an adjournment to file an answer in a letter which, for the first time, provided the plaintiff with a copy of the endorsement imposing a two-year limitation on actions on the policy. The defendant moved for summary judgment dismissing the complaint as untimely, and the plaintiff cross-moved to dismiss the defendant's Statute of Limitations defense. After conducting a hearing pursuant to CPLR 3212 (c), the Supreme Court found that the plaintiff had relied to his detriment on

the content of the policy booklet which the defendant provided in September 1991 and that the plaintiff could have commenced a timely action had the defendant provided the entire policy. Accordingly, the court denied the defendant's motion and granted the plaintiff's cross motion.

It is well settled that a defendant may be estopped to plead a limitations defense where the defendant's conduct lulled the plaintiff into "sleeping' on [his] rights under the insurance contract" *(Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 968; *see also, Simcuski v Saeli,* 44 NY2d 442, 448-449). Here, the record supports the conclusion that the defendant's conduct led the plaintiff to believe that the commencement of an action would be untimely when, in fact, the plaintiff had approximately one more month to commence an action.

The defendant contends that fire insurance policies are required by statute to have a two-year limitation period *(see,* Insurance Law § 3404 [e]) and that the plaintiff should be deemed to be aware that his policy would be enforced as if it complied with this requirement *(see, 1303 Webster Ave. Realty Corp. v Great Am. Surplus Lines Ins. Co.,* 63 NY2d 227). However, this contention was not raised in the Supreme Court. Moreover, because the policy in question was a multiperil policy, it could have contained a shorter limitation period which might have been enforceable against nonfire loss claims *(see,* Insurance Law § 3404 [f] [1]; *Bargaintown D. C. v Bellefonte Ins. Co.,* 78 AD2d 206, *affd* 54 NY2d 700). Inasmuch as the plaintiff's claim for loss due to theft might have been legally subject to a one-year limitation, the statutory two-year limitation on fire loss claims does not require the conclusion that the plaintiff should not have relied on the incomplete policy provided by the defendant. Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.