**Susan TERRY, Plaintiff–Appellant,**

**v.**

**UNUM LIFE INSURANCE COMPANY OF AMERICA and National Life Insurance Company, Defendants–Appellees.**

No. 04–0947–CV.

United States Court of Appeals, Second Circuit.

Argued: Oct. 13, 2004.

Decided: Jan. 10, 2005.

Richard G. Abbott, Esq., Pusatier, Sherman, Abbott & Sugarman, Kenmore, New York, for Plaintiff–Appellant.

Paul K. Stecker, Esq., Phillips Lytle LLP, Buffalo, New York, for Defendants–Appellees.

Before: KEARSE and CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

PER CURIAM.

In reviewing a dismissal pursuant to Fed.R.Civ.P. 12(b)(6), we take as true all the allegations in plaintiff-appellant Susan Terry's Complaint. On March 3, 1993, Terry purchased a disability insurance policy from defendant-appellee National Life Insurance Company ("National"). In January 1998, Terry, now disabled, submitted a notice of claim and proof of loss to National. Initially, National paid disability benefits to Terry; but on October 23, 1998, National informed Terry that an investigation conducted by Unum Life Insurance Company ("Unum"), which provided claim services for National's disability policies, had determined that Terry had misrepresented her health history in her initial policy application. In the same communication, National further informed Terry that it was rescinding her policy and refunding her previously-paid premiums.

Terry, however, did not accept the rescission or cash the refund check. Eventually, on March 7, 2003, she commenced the instant suit in the New York State Supreme Court, County of Erie, against National and Unum, which in turn removed to federal court. Count One of the Complaint alleged wrongful rescission and breach of contract, and Count Two alleged that Unum engaged in a fraudulent practice of denying claims that were meritorious. The district court dismissed Count Two for failure to state a claim, and Terry is no longer appealing that determination; but the district court also dismissed Count One as time-barred, and it is that determination that is the subject of this appeal.

■ New York law, which here governs, provides a six-year statute of limitations for breach of contract, N.Y. C.P.L.R. 213(2) (McKinney 2004), and Terry's complaint was filed within this period. The district court nonetheless dismissed Count One, relying on a contractual provision in the policy, in conjunction with New York law allowing contracts to limit the period of time within which actions on the contract may be brought, *see* N.Y. C.P.L.R. 201 (McKinney 2004), which reads as follows:

> **Legal Actions.** No one may start legal action to recover on this policy until 60 days after written Proof of Loss has been given to us. Legal action must be started within three years after the written Proof of Loss is required to be furnished.

■ The "Legal Actions" provision in National's policy is based on a provision of New York Insurance Law that requires insurers to include the substance of certain provisions—specified in the statute—in all individual accident and health insurance policies, *see* N.Y. Ins. Law § 3216(d). Although the wording of such policy provisions may, with the approval of the superintendent of insurance, differ from the statutory language, the substance of the policy provision may "not [be] less favorable in any respect to the insured." *Id.*

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Accordingly, where a policy provision is less favorable to the insured than the provision required by New York Insurance Law, the statutory provision controls. *See id.; see also Burke v. First UNUM Life Ins. Co.,* 975 F.Supp. 310, 315–16 (S.D.N.Y. 1997) (collecting New York cases). The statutory provision on which the present policy provision was based reads as follows:

> LEGAL ACTIONS: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No *such action* shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.

N.Y. Ins. Law § 3216(d)(1)(K) (emphasis added). The phrase "such action" in the last sentence of this section seems plainly to refer to "action[s] ... to recover on th[e] policy," specified in the first sentence; however, National asserts that its policy provision applies to all "[l]egal action[s]" without qualification. Thus read, the three-year limitation in the National policy has a broader reach than § 3216(d)(1)(K) and is unfavorable to a plaintiff such as Terry insofar as she asserts a claim of wrongful rescission, whereas the statutory provision does not reach such a claim. Because the statutory language is not unfavorable to Terry, the statutory provision controls, and the less favorable limitations period provided in National's policy is not enforceable.

Moreover, if National were correct that its "Legal Actions" provision applied to all court actions, that application would lead to absurd results. The provision applies to the ordinary situation where an insured, having suffered a loss, files a Proof of Loss and, having received no satisfaction in 60 days, then has three years to file suit from the time the Proof of Loss was required to be furnished. But the provision has no applicability to the very different situation where an insurer, believing it has been defrauded, rescinds the policy, and the insured then seeks to challenge the rescission; for in such a situation, no Proof of Loss is required at any time and, conversely, the rescission could easily occur more than three years after some Proof of Loss has been filed. In either case, application of the above-quoted provision would lead to the absurd result that the insured could never challenge the rescission.

It follows that since the policy has no provision governing when a challenge to the insurer's rescission of the policy must be brought, New York's six-year statute of limitations governs, and consequently Count One of Terry's complaint was timely. *See 1303 Webster Ave. Realty Corp. v. Great Am. Surplus Ins. Co.,* 63 N.Y.2d 227, 231, 481 N.Y.S.2d 322, 471 N.E.2d 135 (1984).

■ National also argues, based largely on the Complaint's prayer for relief, that Terry's claim is "in substance a claim for benefits she claimed to be owed under the Policy—precisely the sort of claim to which the Policy's three-year limitations provision applies." However, the Complaint clearly alleges that National "repudiated and rescinded the disability policy without just cause." If established, those allegations would entitle Terry to undo National's rescission; the fact that her prayer for relief did not artfully request such relief is irrelevant. *See* Fed.R.Civ.P. 54(c) ("Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."); *Norwalk CORE v. Norwalk Redevelopment Agency,* 395 F.2d 920, 925–26

(2d Cir.1968) ("When a motion to dismiss a complaint is made, [Rule 54(c) ] is read in conjunction with Rules 8, 12 and 15, and its clear and long-accepted meaning is that a complaint should not be dismissed for legal insufficiency except where there is a failure to state a claim on which *some* relief, not limited by the request in the complaint, can be granted.").

Accordingly, the judgment of the district court is VACATED so far as Count One is concerned and the case is REMANDED for further proceedings consistent with this opinion.