AGNES RONALD, Appellant, v. MUTUAL RESERVE FUND LIFE ASSOCIATION, Respondent.

In the absence of any agreement, a waiver of forfeiture of a policy of life insurance results only from negotiations or transactions with the insured, by which the insurer after knowledge of the forfeiture recognizes the continued existence of the policy, or does acts based thereon, or requires the insured by virtue thereof, to do some act or incur some expense or trouble.

In an action upon a policy or certificate of insurance, issued by defendant upon the life of R., these facts appeared: Defendant's constitution, which, by the terms of the policy, is made part of the contract, provides that if any of the conditions of the certificate or of the constitution are violated by a member, the membership shall at once cease and the certificate be void; with power in the executive committee to reinstate the delinquent member "upon satisfactory evidence of good health." After expiration of the time for payment of annual dues, G.'s employer, at his request, paid to defendant such dues, stating that R. had a swollen foot and had been on "his annual spree;" he received a receipt therefor, which stated that as the time for payment had expired, the receipt was given on condition that the member was at the time "in as good health as when received as a member;" otherwise that the payment and receipt should be null and void. R. was at the time sick of a disease of which he died the next day. *Held*, that the forfeiture was not waived by the payment.

Two days after the death defendant was informed thereof, and it furnished blanks for proofs of death, which were filled out and delivered to its representative, who said he would lay them before the proper board; these proofs stated the true cause of the death. Subsequently said representative furnished blanks for the certificate of the clergyman who presided at R.'s funeral, which was procured and delivered to said representative, who stated that when defendant's president, who was then absent, returned, the board would meet, the claim be passed and probably paid, but subsequently when called upon by plaintiff's agent, he said the policy had lapsed for non-payment of dues and defendant tendered back the dues so paid. *Held*, that there was no waiver, or evidence tending to prove it, authorizing the submission of the question to the jury.

As mutual benefit life associations, incorporated under the act of 1883 (Chap. 175, Laws of 1883) are, by the terms of that act (§ 5), declared to be subject only to its provisions, they are not subject to the provisions of the act requiring notice of annual dues to be given in advance of the time when they fell due. (Chap. 341, Laws of 1876, as amended by chap. 321, Laws of 1877.)

(Argued March 21, 1892; decided April 19, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 12, 1889, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial at Circuit.

This was an action upon a certificate of insurance issued by defendant upon the life of George Ronald, deceased.

The facts, so far as material, are stated in the opinion.

*Charles B. Meyer* for appellant. The defendant could waive the forfeiture of Ronald's policy. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 419; *Roby* v. *Ins. Co.*, 120 id. 510; *Johnson* v. *S. M. L. Ins. Co.*, 79 Ky. 404; *A. M. A. Society* v. *Quire*, 8 Ky. L. R. 107; *N. M. B. Assn.* v. *Jones*, Id. 623; *Robinson* v. *P. F. I. Co.*, 18 Hun, 395; *Cumberland* v. *Schell*, 29 Penn. St. 37; *Mershon* v. *N. Ins. Co.*, 34 Iowa, 87; *S. Ins. Co.* v. *Fay*, 22 Mich. 467; *Supple* v. *Cann*, 9 Ir. Law [N. S.] 1.) The forfeiture of George Ronald's certificate was waived by the defendant association on September 26, 1884, the day preceding Ronald's death, by the acceptance of $10, his annual dues. (*Hodson* v. *G. L. I. Co.*, 97 Mass. 144; *F. M. F. I. Co.* v. *Bowen*, 40 Mich. 149.) If it can be said that the receipt establishes that the payment of the annual dues was made upon the conditions therein expressed, nevertheless these conditions would be inoperative, because the attention of Hardenbergh, upon accepting the receipt, was not called to them, and he did not read them. (*Blossom* v. *Dodd*, 43 N. Y. 265; *Rawson* v. *P. R. R. Co.*, 48 id. 216; *Madden* v. *Sherrard*, 73 id. 331; *Isaacsen* v. *N. Y. C. & H. R. R. R. Co.*, 94 id. 286.) If the receipt, by its terms, purported to constitute the payment of the $10 annual dues a conditional payment, nevertheless these conditions would be inoperative. (*Hoffman* v. *Supreme Council*, 35 Fed. Rep. 252; *Rivara* v. *Q. Ins. Co.*, 62 Miss. 729; *Rennier* v. *Ins. Co.*, 74 Wis, 96; Bacon on Ben. Soc. § 429.) If, however, the payment and acceptance of the $10 on September 26, 1884, shall be deemed to have been conditional, and the failure of conditions pre-

vented the reinstatement of the lapsed policy, or the waiver of forfeiture thereof, nevertheless such forfeiture was subsequently waived by requesting and accepting proofs of death after there had been communicated to the association the fact that the alleged conditions mentioned in the receipt had not and could not be fulfilled. (Bigelow on Est. 578; *Roby* v. *Ins. Co.*, 120 N. Y. 510; *P. Ins. Co.* v. *Kittle*, 39 Mich. 51; *Cannon* v. *H. Ins. Co.*, 53 Wis. 587; *Goodwin* v. *M. M. Ins. Co.*, 73 N. Y. 493; *Prentice* v. *K. Ins. Co.*, 77 id. 483; *Brink* v. *H. Ins. Co.*, 80 id. 109.) The forfeiture, if not already waived, was waived subsequently by the request for and acceptance of the second proofs of death. (*Canada* v. *Canada*, 17 Grant [U. C.] 423.) The payment of the dues was not required to be made by George Ronald or his duly constituted agent. (*G. M. Ins. Co.* v. *Wolf*, 95 U. S. 326; *Howell* v. *K. Ins. Co.*, 44 N. Y. 281.) The court erred in refusing plaintiff's request to submit to the jury the question whether the defendant intended, by its several acts, to waive the forfeiture. (*Tripp* v. *V. L. Ins. Co.*, 55 Vt. 100; *Rockwell* v. *M. L. Ins. Co.*, 20 Wis. 335; *United Brethren* v. *Schwartz*, 13 Atl. Rep. 769; *Cobbs* v. *Fire Assn.*, 36 N. W. Rep. 222; *Dennis* v. *M. B. Assn.*, 47 Hun, 338.)

*Raphael J. Moses, Jr.*, and *Frederick A. Burnham* for respondent. There was no waiver by the association of the forfeiture resulting from non-payment of dues in August, 1884. (*Titus* v. *G. F. Ins. Co.*, 81 N. Y. 419; *Graham* v. *F. Ins. Co.*, 9 Daly, 341; 87 N. Y. 69; *Viele* v. *G. Ins. Co.*, 26 Iowa, 9; *Robertson* v. *M. L. Ins. Co.*, 88 N. Y. 541; *Weed* v. *L. & L. F. Ins. Co.*, 116 id. 106.) The question of waiver is not presented by the issues framed by the pleadings, and, therefore, plaintiff was not entitled to have that question submitted to the jury. (*Kelly* v. *Upton*, 5 Duer, 336, 342; *Shultz* v. *Dupuy*, 3 Abb. Pr. 252; *Garvey* v. *Fowler*, 4 Sandf. 665; *McKyring* v. *Bull*, 16 N. Y. 297, 304; *Weaver* v. *Barden*, 49 id. 286.) The payment of dues September 26, Ronald being then dying in the hospital, was an

attempt to commit a fraud upon the defendant. (*Marshall* v. *W. Ins. Co.*, 26 J. & S. 606.) No notice was necessary to enable defendant to claim a forfeiture of Ronald's policy. (Laws of 1883, chap. 175, § 5.)

LANDON, J. The plaintiff was the wife of George Ronald, and the beneficiary named in the certificate or policy of insurance upon his life in the sum of $5,000, issued to him by the defendant August 23, 1883. She seeks to recover that sum in this action. The defense is that the policy was forfeited by the non-payment of ten dollars, annual dues, which by the terms of the policy became due August 21, 1884. The plaintiff claims that this cause of forfeiture was waived by the defendant, and the question presented upon this appeal is whether the facts hereinafter stated constituted such waiver, or were sufficient to entitle the plaintiff to go to the jury upon the question.

George Ronald died September 26, 1884, of fatty degeneration of the heart. The day before he died, Mathew Hardenbergh, his employer, acting for him, paid the defendant the ten dollars, and the defendant thereupon gave him a receipt therefor, the material parts of which are :

"NEW YORK, *Sept.* 26, 1884.

"Received for the annual dues, ten dollars, according to the terms and conditions of certificate No. 14744, on the life of George Ronald, from the 21st day of August, 1884, to the 21st day of August, 1885." "The time having expired for the payment of the annual dues, and payment being tendered after the same was due, this receipt is given by the association, and accepted by the member upon the following conditions and not otherwise : That said member is now living, and of temperate habits, and in as good health as when originally received as a member of this association under said certificate, otherwise said payment and this receipt and said certificate shall be null and void." The constitution of defendant, which formed part of the contract of insurance, provided : "If any of the conditions or provisions of the certificate of member-

ship or of the constitution and by-laws are violated by the member, then, and in every such case such membership sh ll at once cease and determine, and the certificate shall be null and void and all payments made thereof forfeited to the association."

"But the executive committee shall have power to reinstate a delinquent member, at any time within one year, for good cause shown and upon satisfactory evidence of good health, and upon payment of all delinquent dues and assessments." The condition respecting the health of the insured expressed in the receipt was within the terms of the contract. The parties had agreed that Ronald's membership should cease upon non-payment of dues. It was competent for them so to agree. (*Atty.-Gen.* v. *North Am. Life Ins. Co.*, 82 N. Y. 172–190.) But they had also agreed that Ronald might be reinstated in membership upon certain conditions; one was payment of delinquent dues, and another was upon satisfactory evidence of good health. The first condition was met; the second remained to be met. When Hardenbergh paid the dues, the defendant's representative asked him if Ronald was in his usual health; Hardenbergh replied that he knew nothing to the contrary. He testified: "I explained to him about his foot; something about a swollen foot, I remember I said something about his drinking, that he might have got his foot hurt on his annual little spree that he generally took. I was under the impression that that was the case."

It appeared that Ronald had been ill about ten days; it subsequently appeared that his mortal illness was not the result of drink. He was at his boarding-house and had some money to his credit with his employers and at his request they paid the defendant. The same evening they removed him to the hospital where he died the next forenoon. His death was unexpected to them and the cause of it was not known until the post-mortem examination disclosed it to be fatty degeneration of the heart.

It is obvious upon this state of facts that no "satisfactory evidence of good health" — the second condition of Ronald's

reinstatement to membership — could be furnished. Possibly he was dying when the defendant received the delinquent dues.

The plaintiff further insists that the defendant by its subsequent action in respect to the proofs of death treated the policy as valid and thereby waived the forfeiture. Two days after Ronald's death Mr. Hardenbergh informed the defendant of the fact, but stated that he could not tell the cause of death, except that he was taken home the week before with a swollen foot, and had been taken to the hospital the night before he died, and that he had been upon a spree. The defendant gave Hardenbergh blanks upon which to make proofs of death. Mr. Hardenbergh subsequently had these blanks filled out, a representative of the defendant giving instructions as to the manner, and they were sent to Scotland, where the plaintiff resided, and were executed, returned and delivered to the representative of the defendant, who said they would be laid before the proper board. These proofs stated the true cause of death and that it was preceded by an illness of about two weeks. Subsequently Mr. Hardenbergh, who had been authorized to act for the plaintiff, called upon defendant's representative, who then asked him to furnish the certificate of the clergyman who officiated at Ronald's burial, and the representative gave him blanks for the purpose. This certificate Hardenbergh procured and delivered to the same representative, who thereupon said he would lay it before the board, and that when the president, who was then absent, returned, the board would meet and the claim be passed and probably would be paid in March following. Hardenbergh then stated more fully the facts relating to Ronald's death. Subsequently Hardenbergh again called upon defendant's representative, and then was told that the plaintiff had no claim; that the policy had lapsed because of non-payment of dues. Subsequently the defendant tendered Hardenbergh ten dollars and the interest from September 26, 1884.

We do not think these acts of the defendant constituted a waiver. A waiver of the forfeiture of a policy, in the absence

of any agreement to that effect, results from negotiations or transactions with the insured, after knowledge of the forfeiture, by which the insurer recognizes the continued validity of the policy, or does acts based thereon, or requires the insured by virtue thereof to do some act or incur some expense or trouble. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 419.) In the absence of an estoppel, knowledge of the facts and an intention to waive must exist — provable, of course, by the circumstances. (*Robertson* v. *Metropolitan Life Ins. Co.*, 88 N. Y. 541; *Weed* v. *London & L. Fire Ins. Co.*, 116 N. Y. 106; *Roby* v. *Am. Central Ins. Co.*, 120 N. Y. 510.)

The waiver of the forfeiture was conditioned upon "satisfactory evidence of good health" of the insured when the ten dollars were paid.

When the defendant received that payment it also received some vague information from a layman who did not profess to have any exact information, to the effect that the insured had a swollen foot and had been on his "annual spree." If the insured was no worse than this communication imported, the defendant might be willing to reinstate him, and to waive the forfeiture. But as he suddenly died the next morning, death might have resulted from illness ante-dating the payment or from some acute attack subsequent to it and quite apart from anything which had been suggested to defendant. It was a condition precedent to the maturity of the claim of the plaintiff that the proofs of death specified in the contract should be furnished. The acts of the defendant in furnishing blanks in the first instance, and giving instructions as to the manner of filling them, were acts of courtesy.

The clergyman's certificate was a proper part of the completed proofs. All the papers constituting the proofs of death and its cause were part of the evidence proper for the defendant to ask and for the plaintiff to give in order to impart to the defendant that full knowledge of the facts which, under the circumstances, was material to the reserved question of Ronald's reinstatement as a member, and also a condition precedent to any further acts to be relied upon as a waiver of for-

feiture.   The promise of payment made by defendant's representative was conditioned upon the approval of the board..   As the matters relied upon to constitute a waiver were properly required by the defendant to enable it to ascertain the facts and decide as to its position, we think the court properly decided that there neither was a waiver nor any evidence tending to prove it that should have been submitted to the jury.

The plaintiff now raises the point, not presented at the trial, that the defendant could not forfeit Ronald's policy because no notice of the annual dues had been given him in advance of the date when the same became due pursuant to Ch. 341, Laws 1876, amended by Ch. 321, Laws 1877.   The defendant is a mutual benefit association doing business upon the co-operative assessment plan.   It was originally incorporated under Ch. 267, Laws of 1875, and reincorporated December 26, 1883, under Ch. 175, Laws 1883.   Companies organized under the last mentioned act, and doing business upon the plan therein described and characterized as the co-operative or assessment plan, are by section five declared to be subject only to the provisions of that act; thus it would seem they are not subject to the provisions of the act requiring previous notice of the due date of annual dues.   But as the case presents no exception upon this point and only presents such testimony as is material to the exceptions, the question is not properly before us.

The judgment should be affirmed.

All concur.

Judgment affirmed.