BARGAINTOWN D. C., INC., et al., Respondents-Appellants, v BELLEFONTE INSURANCE COMPANY et al., Appellants-Respondents, et al., Defendants.

First Department, December 18, 1980

### APPEARANCES OF COUNSEL

*George W. Clarke* of counsel *(Mendes & Mount,* attorneys), for appellants-respondents.

*Steven M. Tarshis* of counsel *(Young & Tarshis, P. C.,* attorneys), for respondents-appellants.

### OPINION OF THE COURT

SANDLER, J.

The principal issue on this appeal is presented by Special Term's denial of the motion of defendant insurance companies to dismiss the complaint on the ground that the action was instituted after the expiration of the one-year period of limitation set forth in the applicable insurance policy.

The policy insures plaintiff "Bargaintown D.C. Inc. &/or

all affiliated, subsidiary to, owned or controlled corporations * * * c/o J. Mart" for a period extending from August 12, 1977 to August 12, 1978, with regard to various properties, some in New York State and some in other jurisdictions, for "All Risk excluding Flood & Quake". The policy provides that no action under it shall be sustainable "unless commenced within twelve (12) months next after the happening becomes known to the Assured's Home Office Insurance Department, unless a longer period of time is provided by applicable statute."

The complaint alleges burglary losses at New York locations occurring on September 20, and October 5, 1977, and a water loss on November 8, 1977 at several unspecified locations. The action was commenced on September 13, 1979, well after the one-year limitation period prescribed in the policy, and accordingly would be barred by the terms of the policy.

Special Term denied the motion to dismiss on the view that the provisions of the policy violated in two particulars subdivision 6 of section 168 of the Insurance Law, that the one-year limitation period is therefore unenforceable, and that the applicable period of limitation becomes the two-year period mandated in section 168 of the Insurance Law for fire insurance policies.

We agree with Special Term that the policy violated subdivision 6 of section 168, but not with the legal conclusion found to result from that finding.

Section 168 of the Insurance Law is entitled "Fire insurance contract; standard policy provisions; permissible variations". It provides (Insurance Law, §168, subd 1) in pertinent part that a printed form of a policy of fire insurance, set forth in subdivision 5, shall be known and designated as the "standard fire insurance policy of the state of New York." That form prescribes a two-year period of limitation for fire insurance policies. Subdivision 2 provides that no policy or contract of fire insurance shall be issued "on any property in this state, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy".

Subdivision 6 states the following: "Subject to the approval of the superintendent, a multiple peril policy which

combines insurance against the peril of fire with another kind or kinds of insurance either for a divisible or indivisible premium need not comply with the provisions of subsection [five] of this section, provided (1) such policy contains, with respect to the peril of fire, terms and provisions no less favorable to the insured than those contained in the standard fire policy".

As Special Term held, the failure of this multiple peril policy to specify a two-year period of limitation with regard to losses resulting from fire violates the obvious command of the statute. We are also inclined to believe that the statute was further violated by the apparent failure to secure approval of the Superintendent of Insurance prior to its issuance, although as to this issue a definitive judicial determination would better await a record informative as to how the Superintendent of Insurance has interpreted the language and the administrative procedures that have been developed.

Special Term's conclusion that the violation of subdivision 6 of section 168 invalidates the one-year limitation period with regard to claims arising from burglary and water damage losses rests on the assumption that the statute undertook in multiple peril policies to apply the provisions of the standard fire insurance policy to nonfire insurance claims in the absence of compliance with its terms. The statute does not specifically so state, and we doubt that this is the most likely interpretation of the Legislature's intent.

The problem addressed by the Legislature in subdivision 6 of section 168 is apparent when the subdivision is considered in context. Having prescribed a standard fire insurance policy and directed precise compliance with its terms and provisions in subdivisions 1, 2 and 5, the Legislature was concerned in subdivision 6 to permit some flexibility to insurance companies in drafting multiple peril policies which combined insurance against the peril of fire with other kinds of insurance. If fire insurance were not included in the policy in question, it is indisputable that the period of limitation fixed in the policy would have been valid and enforceable. We see nothing in subdivision 6 of

section 168 that requires a different conclusion because of a failure in a multiple peril policy to comply with the subdivision's requirements as to fire insurance.

On the facts presented, the controlling rule is set forth in subdivision 1 of section 143 of the Insurance Law which provides in substance that any contract or policy of insurance issued in violation of any of the provisions of the Insurance Law shall be valid and binding upon the insurer issuing it, "but in all respects in which its provisions are in violation of the requirements or prohibitions of this chapter it shall be enforceable as if it conformed with such requirements or prohibitions."

As to plaintiffs' appeal from another part of Special Term's order, little need be said other than to note that the order appealed from, notwithstanding ambiguous language in the opinion, accurately embodies the position urged by plaintiffs on this appeal.

Accordingly, the order of Supreme Court, New York County (WALLACH, J.), entered March 10, 1980, denying the motion of defendant insurance companies to dismiss the complaint as untimely should be reversed on the law, with costs, and the complaint should be dismissed.

LUPIANO, J. (concurring). In juxtaposing and considering the relevant sections of the Insurance Law (adequately set forth in the opinion of SANDLER, J.) necessary to an understanding and disposition of the instant problem, I find it difficult to conclude that the Legislature intended to give the assured here a "free ride" on the wings of a longer period of limitation for fire insurance policies. This, even though we find there is no explicit adherence to subdivision 6, especially as to that provision defining and mandating a two-year fire insurance period of limitation, and the failure to single out fire coverage and delineating therefor the longer period of limitation for such coverage within the combined coverage form.

A reading of subdivision 1 of section 143 of the Insurance Law should, with controlling and residual effect, restrain and stamp upon any other sought-for loss, such as we have here, the more stringent and lesser one-year period, even

though "all risk" is combined. Thusly, the separate treatment and integrity of the greater period afforded in the standard fire insurance policy, derived from subdivision 5, would be separately considered and preserved with no impingment upon the lesser period inherent in the same policy. In this fashion, separate periods of limitation can survive, in keeping with the respective nature of the loss, and commencement of the action therein would be restricted to the time restriction of the applicable and embracing period of limitation. I, therefore, concur with the rationale and result achieved in the opinion of Justice SANDLER, and would dismiss the complaint.

FEIN, J. P., SULLIVAN and SILVERMAN, JJ., concur with SANDLER, J.; LUPIANO, J., concurs in a separate opinion.

Order, Supreme Court, New York County, entered on March 10, 1980, unanimously reversed, on the law, and the complaint dismissed as to defendants-appellants-respondents. Defendants-appellants-respondents shall recover of plaintiffs-respondents-appellants $75 costs and disbursements of these appeals.