(April 7, 1987)

■ GILBERT FRANK CORPORATION, Respondent-Appellant, v FEDERAL INSURANCE COMPANY, Appellant-Respondent.—Order of the Supreme Court, New York County (Martin B. Stecher, J.), entered on September 18, 1985, which denied defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion, is affirmed, with costs and disbursements to plaintiff.

Plaintiff-respondent Gilbert Frank Corporation procured a policy of insurance from defendant-appellant Federal Insurance Company for a period of one year beginning on April 7, 1978. Included in the policy was a provision that an action to recover a claim thereunder had to be instituted within one year of the purported loss. On March 29, 1979, when plaintiff's coverage was still in effect, a burglary occurred at its premises in Brooklyn, New York. Defendant thereafter retained Edward R. Reilly & Co., Inc. to examine plaintiff's alleged loss, and the firm appointed one of its employees, George F. Wilkens, to perform the investigatory work. In addition, Platzman & Rosenberg, certified public accountants, was retained to examine plaintiff's books and records in order to ascertain the extent of the loss. William Rosenberg, a member of the latter firm, was assigned to plaintiff's claim.

Although it is unclear precisely when these two companies were first hired, they did begin their investigations before the expiration of the 12-month limitations period and contacted plaintiff for the purpose of obtaining information with regard to the claim in question. However, except for the request for information, there were no further communications between plaintiff and defendant within the 12-month period. Instead, Wilkens and Rosenberg continued to pursue their investigations. Wilkens submitted periodic reports to defendant both before and after the expiration of the period of limitations as

to the progress of his work. Rosenberg's report wasn't completed until October of 1980, some seven months subsequent to the expiration of the limitations period. Plaintiff, in the meantime, heard nothing more from defendant or its agents until May 2, 1980, when it was asked to clarify certain matters and provide further documentation. Three other meetings took place between the parties on July 3, 1980, August 20, 1980, and September 2, 1980, and there were also discussions carried on by telephone. On November 13, 1980, defendant extended a settlement offer to plaintiff, which was rejected.

The instant lawsuit was commenced in January of 1981. Defendant, prior to interposing its answer, moved for dismissal pursuant to CPLR 3211 on the ground that the action was barred by the contractual period of limitations. The Supreme Court granted the motion. On appeal, this court unanimously reversed and reinstated the complaint, finding that the record was "insufficient to resolve the factual issue bearing on the claim by the assured that the carrier waived or should be estopped to assert the 12-month period of limitations, provided for in the policy." (91 AD2d 31, 33.) According to the court therein (supra, at 35-37):

"We disagree with the suggestion by respondent that a waiver or estoppel may be found only with reference to acts or conduct during the one-year period for commencement of an action. Respondent mistakenly relies upon the authorities which have held that, to find a waiver or estoppel, it must be demonstrated that the insured was misled or lulled into inactivity by the conduct of the insurer [citations omitted]. In those cases, the focus was upon the conduct of the insurer in relation to the inactivity of the insured during the one-year period within which the action should have been commenced. Thus, the court in each case was concerned with whether the insurance carrier had lulled the assured into inactivity so as to estop the insurer from relying upon the untimeliness of the action. Here, however, we are not as concerned with the insurer having lulled its insured into inactivity, as we are with the legal effect of its having embarked upon an apparent, deliberate course of conduct after the limitation period had elapsed, during which the carrier engaged in alleged substantial and protracted negotiations and a review of books and records of account to fix the nature and extent of the loss. There is no explanation offered as to the necessity for the discussions in light of the assertion now made that, at that time, no claim could have been made by or on behalf of the assured.

"We are not concerned here with the situation which confronted the Court of Appeals in *Proc v Home Ins. Co.* (17 NY2d 239) where the court found the facts insufficient to support a claim of waiver or estoppel, concluding that the insured there had slept on his rights and had not been lulled by his insurer into a sense of false security. Unlike the cited cases, this action, at least on the face of the pleading, raises in issue whether the insurer, with knowledge of a defense sufficient to invalidate any claim made on the policy, acted in an inconsistent manner so as to ratify and recognize the continued validity of the claim, thereby equitably precluding the carrier from reliance upon the limitations period as a defense. The principle has been applied to avoid a forfeiture, where the policy is void or voidable and, we find, should be equally applicable on the issue of the availability to the insurer of the defense of Statute of Limitations [citations omitted].

"Thus, we conclude that the alternate issues of waiver estoppel or both raised herein by the insured in response to the claim by its insurer that the action was untimely commenced, present factual issues which cannot be disposed of summarily on this record."

Defendant thereafter filed its answer and asserted the one-year limitations period as a defense. By notice of motion dated July 17, 1985, defendant moved under CPLR 3212 for summary judgment dismissing the action as barred by the time limitations clause contained in the policy of insurance. Plaintiff cross-moved to dismiss the limitation of time defense. In denying both motions, the Supreme Court noted that "there is very little before me that was not before the Appellate Division when it reversed Special Term previously." Although both parties filed notices of appeal from the Supreme Court's order, only defendant perfected its appeal. In that respect, it is defendant's contention that opinions expressed by this court in its prior decision constituted obiter dicta and do not necessarily have to be followed in connection with the current appeal.

The law is well established that a request for documentation by the insurer and/or settlement discussions between the parties, whether prior or subsequent to the expiration of a contractual period of limitations, generally do not warrant an estoppel and cannot be deemed a waiver. *(Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820; *Kaufman v Republic Ins. Co.,* 35 NY2d 867; *Proc v Home Ins. Co.,* 17 NY2d 239, *supra; Procco v Kennedy,* 88 AD2d 761; *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733.)

The fact pattern in the present matter, however, is not only distinguishable from those in the foregoing cases, but also seems to present a unique situation. This is because both parties were evidently under the impression that they were operating within a two-year limitations framework. There is, indeed, evidence in the record that defendant doubted whether a 12-month limitations provision was legally enforceable. Nicholas R. Addesa, regional property supervisor for Federal Insurance Company, asserts in the affidavit which he submitted in support of defendant's motion to dismiss that "although I was aware of the twelve month provision in the policy, it was then my belief that such time limit had been increased by the Legislature to two years." It was only when he was advised of "a very recent decision of the Appellate Division, the *Bargaintown* case, that I learned that that increase to two years was held to apply to fire claims only." It was apparently as a result of defendant's misapprehension regarding the validity of the time limitations clause, a misapprehension which seems to have been shared by plaintiff, that most of the contacts between the insurer and the insured occurred after the expiration of the 12-month period, and defendant's agents didn't complete their investigations until well into the second year following the burglary.

Unfortunately, there do not appear to be any other cases concerning the implications of a mistake made by an insurance carrier in construing a limitations period contained in a policy which it wrote. *Graziane v National Sur. Corp.* (102 AD2d 950), which largely relied upon our prior ruling in the instant matter, is not at all instructive on this point. In *Graziane,* there were, as here, extensive and lengthy negotiations which took place after the expiration of the limitations period, but, unlike the matter herein, these contacts continued over a period of five years after the affirmative defense of untimeliness had been interposed. At any rate, the issue is not simply the existence of negotiations between the insurer and insured subsequent to the expiration of the 12-month period.

As this court has already stated when the instant action was previously before us, we are not concerned so much with the insurer having lulled the insured into inactivity, but rather with "the legal effect of its [defendant] having embarked upon an apparent, deliberate course of conduct after the limitation period had elapsed, during which the carrier engaged in alleged substantial and protracted negotiations and a review of books and records of account to fix the nature and extent of the loss." (91 AD2d 31, *supra,* at 36.) We thus

determined that since defendant had not offered satisfactory explanations regarding the necessity for the intensive activity which was undertaken with regard to plaintiff's claim after the expiration of the limitations period, there were questions of fact here requiring further development. this is particularly true in view of the indication that defendant believed that the contractual 12-month limitation period was invalid *(see, Bargaintown D.C. v Bellefonte Ins. Co.,* 78 AD2d 206, *affd* 54 NY2d 700) and may have acted accordingly.

Certainly, there are questions of fact concerning the state of mind of the parties and whether defendant, by virtue of its misapprehension, could be said to have recognized the continued viability of plaintiff's claim such as would create an estoppel. Moreover, the facts presently available are almost precisely the same as those known at the time of the first appeal. We have already found them to be insufficient to resolve the dispute between the parties, and that is now the law of this case. Defendant insurance company has failed to present any additional documentary or testimonial evidence to demonstrate that it should be awarded summary judgment. Under these circumstances, Special Term properly denied defendant's motion, and the order being appealed should be affirmed. Concur—Kupferman, Milonas, Rosenberger and Ellerin, JJ.

Murphy, P. J., dissents in a memorandum as follows: Plaintiff Gilbert Frank Corporation commenced this action in January 1981 to recover insurance proceeds allegedly due from its insurer, defendant Federal Insurance Company. In its complaint, plaintiff states that a burglary occurred on its premises on March 29, 1979, and that as a result it lost property valued at $150,000. The policy of insurance pursuant to which plaintiff seeks to recover provides in relevant part: "No suit, action or proceeding for the recovery of any claim under this insurance shall be sustainable in any court of law or equity unless commenced within 12 months after discovery by the insured of the occurrence which gives rise to the claim."

Citing this provision, defendant, before answering, moved to dismiss plaintiff's action on the ground that it was not timely commenced. Special Term granted defendant's motion, but this court, by order entered January 4, 1983, reversed, reinstated the claim and directed defendant to serve an answer raising the 12-month contractually established limitation period as a defense. In our decision *(Frank Corp. v Federal Ins. Co.,* 91 AD2d 31), we observed that, according to the pleadings, defendant insurer continued to investigate and negotiate concern-

ing plaintiff's claim beyond the expiration of the 12-month limitation period, and that on November 30, 1980, eight months after the running of the limitation period, defendant offered to settle the claim for $8,000. We further noted that these allegations raised an issue as to whether defendant had, with the requisite knowledge thereof, waived its time limitation defense.

Now, more than three years since our disposition of the earlier appeal, the case has found its way back to this court. With issue joined and discovery complete, defendant, in July 1985, moved for summary judgment, basing its entitlement thereto on the 12-month limitation period indisputably agreed to in the insurance contract. Special Term denied the motion on the ground that the record had not been appreciably augmented since the prior appeal when we observed that "the alternate issues of waiver estoppel or both raised herein by the insured in response to the claim by its insurer that the action was untimely commenced, present factual issues which cannot be disposed of summarily on this record." *(Supra,* at 37.)

It would seem important at this juncture to recognize the limited scope of our previous holding. Despite our observation that plaintiff's claim of waiver presented a factual issue not susceptible of summary disposition on the record as it then existed, we did not, and indeed, could not hold in ruling upon defendant's CPLR 3211 motion, which motion was never converted into one for summary judgment, that the parties' evidentiary submissions raised triable issues of fact.

As was noted repeatedly in the court's opinion, the motion with which we dealt was addressed to the face of the pleadings. The question properly before us was the sufficiency of plaintiff's pleadings given the contractual time limitation raised by defendant as a bar to the action. In answer to this question, we held, in essence, that plaintiff's allegations in support of its waiver claim were sufficient to present an issue of a factual sort worthy of development. We, therefore, denied defendant's preanswer motion to dismiss, thus affording plaintiff the opportunity to conduct discovery in order to give evidentiary substance to its allegations. In so doing, we expressly recognized that it remained an open question whether plaintiff would, in response to a summary judgment motion by defendant, be able to adduce evidence in support of its allegations sufficient to create a triable issue. Thus, we observed, "the motion here was made prior to answer and, accordingly, was addressed to the face of the pleading under CPLR 3211.

Neither party has been put to its proof in response to a motion for summary judgment, whereupon the opposing party would be required to adduce evidentiary proof (CPLR 3212, subd [b]; *Zuckerman v City of New York,* 49 NY2d 557)." *(Frank Corp. v Federal Ins. Co., supra,* at 37.)

The motion for summary judgment which we anticipated, and even may be said to have invited, has now been made by defendant. Accordingly, the issue is whether plaintiff, in opposing defendant's motion, has adduced proof sufficient to raise a triable issue as to whether defendant waived reliance upon the 12-month limitation period contained in the parties' insurance contract. In my view, this issue is not appropriately disposed of by comparing the state of the record now with what it was at the time of our earlier consideration of the matter. While plaintiff's failure to make an evidentiary showing was not fatal to its position on defendant's preanswer motion to dismiss, it should be here where the motion is one for summary judgment entailing the court's evaluation of the proof, and there has been ample opportunity for plaintiff to obtain such proof through discovery.

It must be stressed that the evidentiary burden on the present motion is properly allocated to plaintiff. Defendant has done all that is necessary to demonstrate its prima facie right to judgment by citing the insurance policy's 12-month limitation period, which limitation plaintiff admits it has exceeded. To avoid summary judgment, plaintiff must, therefore, come forward with evidence raising a triable issue as to its claim that defendant waived reliance on the provision otherwise entitling it to prevail. This is true not simply because plaintiff here responds to a summary judgment motion by defendant (CPLR 3212 [b]; *Zuckerman v City of New York, supra; Frank Corp. v Federal Ins. Co., supra,* at 37), but because of the general nature of the claim plaintiff makes.

It is plaintiff's position that defendant insurer, in waiving reliance upon the subject limitation, willingly and knowingly consented without any kind of consideration to expose itself to a lawsuit and potential liability of $900,000.[1] To say the very least, this is far from likely. In this and, indeed, all other situations where established rights are allegedly waived, the presumption must be against the waiver. It is for the party claiming the benefit of the right's relinquishment to rebut this presumption by producing evidence to support its claim. Clearly, there is no unfairness involved in so allocating the

---

1. This is the upper limit of coverage under the subject policy.

evidentiary burden. Waiver is not a circumstance unknown to the one who would claim its advantage. To be valid, waiver must be in the form of words or actions unequivocally manifesting the intention of the one whose right it is to give it up. *(S. & E. Motor Hire Corp. v New York Indem. Co.,* 255 NY 69; *Frank Corp. v Federal Ins. Co., supra,* at 33.) It follows that if defendant had waived reliance on the insurance contract's 12-month limitation provision, its intention to do so would have been made unambiguously clear to plaintiff and plaintiff would, therefore, be well situated to provide proof that the waiver had in fact been made.

What then is the proof offered by plaintiff in this case? When construed in the light most favorable to plaintiff, the scant evidence contained in the record indicates simply that defendant insurer continued to investigate plaintiff's claim after the expiration of the limitation period and eventually offered plaintiff $8,000 "without prejudice" to cover its stated loss of over $100,000. Plaintiff does not allege that any express statement of waiver was made by defendant. Rather, it is from defendant's aforementioned acts that we are to understand that the waiver was effectuated. Yet, clearly these actions, even though they are essentially undisputed, do not constitute unequivocal manifestations of defendant's intention to waive the 12-month limitation period agreed to in the parties' insurance contract. If they did, we would presumably be granting plaintiff summary judgment to the extent of striking defendant's limitation period defense. As we are not doing this, I take it that there is general agreement that the proof in the record is insufficient to show that any waiver occurred. Indeed, there is no case of which I am aware holding that postlimitation period contacts between insurer and insured resulting in an offer by the insurer "without prejudice" may be construed as a waiver of the sort here claimed. To the extent that the cases address this issue they would appear to hold to the contrary *(see, e.g., Blitman Constr. Corp. v Insurance Co.,* 66 NY2d 820; *Kaufman v Republic Ins. Co.,* 35 NY2d 867; *Proc v Home Ins. Co.,* 17 NY2d 239; *Procco v Kennedy,* 88 AD2d 761; *Van Hoesen v Pennsylvania Millers Mut. Ins. Co.,* 86 AD2d 733). There is a vast difference between an insurer's take it or leave it offer to settle a claim for an amount it has determined appropriate and an insurer's agreement to permit an otherwise time-barred lawsuit to be brought against it to recover an amount far exceeding that which it has offered. The former circumstance simply does not permit the inference of the latter, much less does it, of itself, unequivocally manifest waiver.

It is suggested that even if defendant's postlimitation period activity does not amount to waiver, that defendant is, nevertheless, estopped from raising the agreed-to, one-year time limitation as a defense. The estoppel is said to arise from defendant's conduct recognizing the continued validity of plaintiff's claim after the expiration of the limitation period. While it seems to me singularly unclear what defendant may be said to have recognized concerning the continued validity of plaintiff's claim, it would appear evident that such recognition[2] is not a sufficient ground upon which to erect an estoppel. An estoppel, of course, is properly invoked to prevent a party's gain from its own inequitable conduct. The classic case in which an insurer is estopped from raising a limitation period defense is where the insurer can be said to have lulled the insured into a false sense of security or to have otherwise induced the insured to forebear from commencing a timely action. But the claim in the present case is not that defendant insurer is responsible for the untimeliness of plaintiff's lawsuit and should, therefore, be equitably estopped from defending on that ground. Rather, it is urged that an estoppel is here warranted because defendant took steps to settle plaintiff's claim after the limitation period and in so doing, put the assured to the trouble and expense of producing its accounting books and inventory records. I see no basis whatsoever to characterize defendant insurer's conduct in this regard as inequitable. Nor do I see how its conduct has in any way prejudiced plaintiff.

An insurer is under no obligation to assert a limitation period defense until an action is brought against it *(Proc v Home Ins. Co.,* 17 NY2d 239, *supra; Skylark Enters. v American Cent. Ins. Co.,* 13 AD2d 707). It follows that after the expiration of the limitation period, an insurer may, without notice, cease its efforts to settle the insured's claim, secure in the knowledge that it will have a defense to any action subsequently commenced to recover on the claim. If, as here, the insurer, instead of doing nothing, undertakes to follow through on the claim and extends the insured a settlement offer, the insured is not thereby prejudiced. To the contrary, the insured is offered something to cover its loss at a time when the insurer can no longer be compelled to pay out anything at all. Possibly, the insured will suffer some minor

---

2. Recognition of the claim should be distinguished from waiver. If there had been an outright waiver, no consideration of estoppel based upon recognition of the claim's validity would be necessary.

inconvenience in making its records available to the insurer, but there is nothing inequitable about the insurer requesting to examine the insured's records, if it is with the purpose of making a good-faith settlement offer. The insured's detriment, if it may be called that, is entirely justified by the insurer's willingness to continue evaluating the claim after the limitation period has passed. The insured, who presumably has read his insurance contract and knows that an action thereon may no longer be commenced, incurs any inconvenience entailed by its cooperation with the insurer's investigation of the claim in the hope that it will recover some amount, even if the amount is less than what the insured would consider sufficient to cover its loss. The notion that equity in these circumstances requires more, namely that the insurer be estopped from raising a limitation period defense, is nonsensical. Where, as here, the insurer has not conducted itself inequitably, and the cited detriment to the insured, in addition to being neither substantial nor unjustified, is wholly unrelated to the insured's failure to commence an action within the limitation period it has agreed to, the doctrine of estoppel has no application.

Having determined that 12-month limitation periods, such as the one agreed upon in the contract at issue, are valid (*Bargaintown D.C. v Bellefonte Ins. Co.,* 78 AD2d 206, *affd* 54 NY2d 700), it would seem that we are bound to enforce them. While it is true that the law abhors forfeitures, it is equally true that actions to recover upon outstanding claims must be timely commenced. The fact that a claim will be barred does not warrant the avoidance of a contractually established limitation period, except where the plaintiff is able to show that the limitation period has in fact been waived or that it may not be equitably invoked by the defendant. As the plaintiff in the present matter has not, despite full opportunity, adduced evidence which would support even a prima facie claim of waiver or estoppel, I am of the view that defendant's summary judgment motion must be granted. Indeed, I see no purpose whatsoever in allowing this case to proceed to trial. As noted, if there had been a waiver or conduct warranting an estoppel, plaintiff would certainly have known of it and, it is to be expected, would have been able to provide evidence thereof in order to defeat defendant's motion for summary judgment. There seems little basis to speculate that such evidence exists, but even if there were, speculation as to what might turn up at trial would not be a ground to prolong this action (*see, Zuckerman v City of New York,* 49 NY2d 557, 563,

*supra)*. It should be sufficient that defendant, in relying on the unambiguous time limitation provision in the parties' agreement, has made out a prima facie case for judgment in its favor and that plaintiff has not, in response, met its burden by coming forward with evidence which would support a viable claim of waiver or estoppel.

Accordingly, I dissent and would reverse the order appealed from to grant defendant summary judgment and dismiss the complaint.